STATE v. D. M. WIDENHOUSE and WM. FURR.

The defendants, who rode to and fro along the public highway, shouting, cursing and using violent and menacing language, stopping in front of the prosecutor's house, and in his presence, (the prosecutor owning the land on both sides of said road,) are guilty of Forcible Trespass.

(*Buckner's Case*, Phill. 558, cited and approved.)

INDICTMENT for a forcible trespass on a public highway, tried before *Logan, J.*, at the Spring Term, 1874, of CABARRUS Superior Court.

On the trial in the Court below, the jury returned a special verdict, substantially finding the following facts:

The prosecutor lived in forty yards of the public highway, which ran in front of his house and on both sides of which he owned the land. That at the time of the alleged trespass, the defendants, near dusk, came riding violently along the road in front of his house; that after passing they wheeled and passed back along the same; that they then got down in front of his house and danced and sung and cursed; and that all the time they were riding they kept up a loud noise and cursed and swore and made a noise like preaching, so that he and his family were greatly disturbed thereby. The prosecutor's wife was sick, under the care of a physician and was seriously disturbed and troubled. Having continued at this sometime, the prosecutor went out to the defendants at the road in front of his house, and forbade them to do so any more, and threatened them with a prosecution if they repeated the offence, requesting them to leave. That this only seemed to make them worse, and they continued to ride up and down the road in front of his house, shouting, cursing, singing, until 11 o'clock at night, riding backwards and forwards about forty times before they left, which they did at last, firing off two shots before doing so.

His Honor held upon the foregoing facts that the defendants

were not guilty, discharging them from custody, from which judgment the Solicitor appealed.

*Attorney General Hargrove*, for the State.
No counsel in this Court for defendants.

SETTLE, J.   All the questions presented by the record in this case are discussed and well decided in *State* v. *Buckner*, Phil., 558.

It is there held that where the land on both sides of the road, whether public or private, belongs to the prosecutor, he is the owner of the soil over which the road runs, and persons who stop upon such road and use violent and menacing language to him are guilty of forcible trespass.

The only privilege which the public have in a public road is that of passing over it, and those who abuse that privilege become trespassers *ab initio.*

Let it be certified that there is error, to the end that the Superior Court may proceed to judgment upon the special verdict.

PER CURIAM.                              Judgment reversed.