STATE v. J. N. TALBOT et al.

*Forcible Trespass.*

Although the entry on land in the possession of another be peaceable, yet if after entering the defendant, upon being ordered to leave, uses violent language and pursues the occupant to his house, he is guilty of forcible trespass.

(*State* v. *Widenhouse*, 71 N. C., 279; *State* v. *Lloyd*, 85 N. C., 573; cited and approved).

INDICTMENT, tried before *Gilmer, Judge*, and a jury, at November Term, 1886, of CUMBERLAND Superior Court.

The defendants were tried and convicted upon an indictment charging them with a forcible entry upon the premises of the prosecutor, P. N. Talbot, he being present and forbidding the same.

It was in evidence that the defendants and two others were found by the prosecutor at work clearing off a ditch, which divided his field from that of the defendant G. T. Talbot, the latter, if not both defendants, being on the prosecutor's side, and using a grass blade or brier hook in removing the briers. He ordered them to desist and to leave, but they kept at work, and commenced to curse and abuse him, until he retreated back to his dwelling, the defendants following him with continued abuse, threatening and cursing, one with the brier-hook in his hands, up to the gate, some

forty or fifty yards distant, where they remained some ten minutes, still abusing, and then left without entering the gate. The prosecutor had been in possession of the premises for seven years, and had raised and cut a crop of oats from the field in June previous to September when all this occurred.

In January of the same year, his father had given the land to defendant G. T. Talbot, though the prosecutor continued to occupy it as before, and in February he had refused to surrender the possession or pay rent, until he received remuneration for improvements put upon the land. The testimony of the wife of the prosecutor as to what occurred at the gate, was corroborative of his, until she went into the house, fearing there would be a fight.

The Court was asked to charge that the evidence was insufficient to warrant a verdict of guilty, which was refused ; and in answer to a request of the Solicitor, the jury were instructed that if they believed the evidence, both defendants were guilty. Judgment was pronounced imposing a fine on each of the defendants, and therefrom they appeal.

*The Attorney-General*, for the State.
*Mr. N. W. Ray*, for the defendants.

SMITH, C. J., (after stating the facts). The only question presented is, do the facts sustain the charge ?

While the original entry, though so near the dwelling, was peaceful and without violence by one to whom the premises belonged, and in the absence of the prosecutor, yet the farther encroachment in pursuing him with menaces and abuse, even up to the yard gate, was in law sufficient to warrant the charge. It would have been scarcely more an entry for the defendants to have pursued the occupant into his yard, than it was by violence to push him up to its entrance; and it was a fresh aggression to pass with a strong

hand over other parts of the field, when the prosecutor was present forbidding it, with demonstrations of violence which intimidated and overcame resistance.

The charge of the Court is borne out by the adjudications in this Court; *State* v. *Windenhouse*, 71 N. C., 279; *State* v. *Lloyd*, 85 N. C., 573.

There is no error, and judgment must be affirmed. Let this be certified.

. No error.                                                     Affirmed.