## THE STATE v. ALVA LAWSON.

*Perjury—Forcible Entry and Trespass—Judge's Charge.*

Upon the trial of several persons for a forcible entry the owner of the premises swore that he was present and forbade the trespass. He was indicted for perjury, and it appeared on the trial that some of the trespassers had effected an entry before the owner reached the place, and the others were in the act of entering ; that he was fifty or seventy-five yards distant when he forbade them, and that they persisted notwithstanding his forbidding ; *Held,*

1. That the persons so entering were guilty of a forcible entry.

2. The facts that the owner was not on the very spot when he forbade the entry, and that the unlawful action of the trespassers had been commenced, but had not been completed, before the forbidding, were not material, and the defendant was not guilty of perjury.

3. That the charge to the jury that the defendant's guilt depended on the fact of his presence, without further instructions, was not a compliance with the statute requiring the Judge to explain the law arising on the evidence.

(*State* v. *Dodd*, 3 Murph., 226; *State* v. *Bobbitt*, 70 N. C., 81; *State* v. *Wilson*, 94 N. C., 839; *State* v. *Talbot*, 97 N. C,, 494, and *State* v. *Matthews*, 78 N. C., 537, cited).

This was an INDICTMENT for perjury, tried before *Boykin, Judge,* at May Term, 1886, of ROBESON Superior Court.

At Spring Term, 1884, of the Superior Court of Robeson County, an indictment then pending against J. C. Atkinson, Alta Atkinson, R. R. Jones and Benj. Long, for a forcible trespass, was tried. The defendant in this case was the prosecutor in that, and was duly sworn and became a witness for the State, and during his examination testified that he " was the owner of certain premises in said county ; that on a certain day, while engaged at work at some distance from said premises, he received information that the said J. C. Atkinson (and the others) were proceeding to his premises for the purpose of effecting an entry ; that, in company

with certain other persons, he hurried to the place and discovered the said Atkinson (and the others) in the road near the said premises; that they were then in the act of entering thereon, but had not actually entered; that he then and there immediately forbade them to enter thereon; that notwithstanding said forbidding the said parties at once entered and remained in possession."

The assignment of perjury in the indictment was in substance, "that the said defendant therein, Alva Lawson, as such witness in said indictment for trespass, falsely and corruptly swore that he was present at the entry and forbade the said J. C. Atkinson (and the others) to enter the said premises, whereas, in truth and fact, he was not then present and did not so forbid such entry."

The State introduced evidence tending to show that said Lawson was not present and did not forbid the entry.

One Jones, a witness for the State, testified that he was a defendant in the trespass case. "When the Atkinsons and I got to the house Lawson was 50 or 75 yards off. He first forbade us, as a majority of us got into the field. Cross and I and one or two others were in the field before Lawson arrived."

One T. D. Watts, a witness for the State, testified that he was present; went with Lawson, at his request, to the house, the place of entry, and heard him forbid the Atkinsons coming into the house; they were then inside the field; he (Lawson) was standing in the door.

J. A. Lawson, witness for defendant, testified that he was present and heard Alva Lawson forbid their coming in. They came afterwards, tore down the house and burnt it.

The defendant testified in his own behalf that he *was* then and there present in person, and did forbid such entry at the time the entry was made.

The defendant requested the Court to charge the jury "that although the jury should conclude that the defendant

did not forbid such entry in fact, and refrained from doing so because the entry was made, after a race between Lawson and Atkinson (and the others) for the possession of said premises, or the said Lawson concluded, by reason of the number of the alleged trespassers, and demonstration of force and violence on their part, that such forbidding would be of no avail, then the defendant would not be guilty, because the law would supply the forbidding."

The Court declined the request of the defendant, because the defendant had sworn expressly that he did forbid the entry in question before it was made, and the request of the defendant was inconsistent with his evidence. The defendant excepted.

The Court then charged the jury, in substance, after explaining to them the law of forcible trespass, that if they believed from the evidence that the defendant Lawson was present, at the time of the entry into the field on the part of the defendants (Atkinson and others), and forbade the same, he would not be guilty; otherwise he would be guilty.

The defendant did not except to this charge. Verdict of guilty. Judgment and appeal.

*The Attorney General*, for the State.
*Mr. W. F. French*, for the defendant.

DAVIS, J., (after stating the case). In *State* v. *Dodd*, 3 Mur., 226, Judge HENDERSON said: "A false oath is injurious to the State, or to an individual, when it tends to prevent right. * * * If it be entirely immaterial, it cannot affect any one. * * * It is not for Courts of justice to inquire how the act stands in a moral or religious point of view. It is the substance and effect of what the defendant swears that gives character to the oath. These must be material, and "tend to prevent right." *State* v. *Graves*, Busb., 402.

So far from negativing the facts charged to have been

falsely sworn to by the defendant on the trial in which the perjury is assigned, the evidence offered by the State—all the evidence—tends to show that the main or material fact sworn to by him was true, and the *effect* of what he swore to could not be substantially different from that which would be the result of the testimony of the impeaching witnesses, and that was, that there was a forcible trespass—that the defendant in this indictment was present, and that he did forbid the entering. The precise time of the entering, so far as it affected the guilt of the defendants in that case, was immaterial. *State* v *Bobbitt*, 70 N. C., 81.

Jones, a witness for the State, and one of the defendants in the indictment for the trespass, testified that "He first forbade us as a majority of us got into the field;" another witness for the State said, "he forbade the Atkinsons coming into the house;" and J. A. Lawson, a witness for the defendant, testified to substantially the same facts, and that "they (Atkinson and others) came afterwards, tore down the house and burnt it."

As soon as Lawson forbade the trespassers to enter, whether all or any of them had gotten into the field or not, and they refused to get off, but continued with force to advance, they made forcible entry upon his premises against his will and his rights, and the material fact was, did they do this? All the evidence shows that they did, and that was the substance and effect of the defendant's oaths. *State* v. *Wilson*, 94 N. C., 839.

"It was a fresh aggression to pass with a strong hand" beyond the point at which the trespassers were when Lawson was present and forbidding it, and whether a majority, as one of the State's witnesses said, or all, were in the field when he forbade the entry, was immaterial. *State* v. *Talbot*, 97 N. C., 494.

The testimony shows that the defendant was present and did forbid the act of the trespassers, and the instruction

given by the Court, especially when connected with what was *said* in refusing the instruction asked for, and which was properly refused, was calculated to mislead the jury, and limit their consideration to the single question as to whether the defendant forbade the entry before the Atkinsons and others had gotten into the field.

It was a failure correctly to " declare and explain the law arising" on the evidence given in the case, as required by §413 of *The Code. State* v. *Matthews,* 78 N. C., 537.

The defendant is entitled to a new trial.

Error.