STATE v. BATE FLEMING AND WILL FLEMING.

(Filed 10 June, 1927.)

**1. Criminal Law—Entry on Lands—Statutes.**

In order to convict of a misdemeanor under the provisions of C. S., 4300, for the "entry into any lands and tenements," etc., it is not necessary that the act of going on the lands be unlawful if the accused thereafter has in overpowering numbers cursed and abused the one in lawful possession, using threatening and abusive language, and where there is sufficient evidence of these facts, defendant's motion as of nonsuit is properly overruled. C. S., 4643.

**2. Same—Evidence—Nonsuit.**

On a motion for nonsuit in a criminal action, the evidence is to be taken in the light most favorable to the State, and it is entitled to the benefit of every reasonable intendment upon the evidence, and every reasonable inference to be drawn therefrom. C. S., 4643.

APPEAL by defendants from *Daniels, J.,* and a jury, at January Term, 1927, of BEAUFORT. No error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*H. C. Carter for defendants.*

CLARKSON, J.   C. S., 4300, is as follows: "No one shall make entry into any lands and tenements, or term for years, but in case where entry is given by law; and in such case, not with strong hand nor with multitude of people, but only in a peaceable and easy manner; and if any man do the contrary, he shall be guilty of a misdemeanor."

Defendants were indicted and convicted under the above statute. From the judgment rendered, they appealed to the Supreme Court. We think there was no error in the refusal of the court below to grant the defendants' motion of nonsuit.  C. S., 4643.  Defendants concede the charge correct if there was sufficient evidence to support it to be submitted to the jury.  On a motion for nonsuit, the evidence is to be taken in the light most favorable to the State, and it is entitled to the benefit of every reasonable intendment upon the evidence, and every reasonable inference to be drawn therefrom.

The testimony of the prosecuting witness was to the effect that the two defendants and one W. M. Bell were together and went into the field where he was working.  They were there about 20 minutes, Bate Fleming cursing and threatening him.

"Bate (Fleming) did all the cussing and Will (Fleming) said 'You accused us of breaking that old house open.'"  Prosecuting witness testified he was frightened, and "I didn't say much to him, because I knew it was not worth while with three of them there."  The defendant Bate Fleming's language was profane, violent, abusive, and threatened injury to his person and property.

S. v. Gray, 109 N. C., at p. 792, is as follows: "In S. v. Wilson, 94 N. C., 839, and S. v. Talbot, 97 N. C., 494, it was held that though an entry on land was peaceable, and even with permission of the owner, if, after getting upon the premises, the defendant uses violent and abusive language and does acts calculated to intimidate, he is guilty of a forcible entry; that though 'not at first a trespasser, he became such as soon as he put himself in forcible opposition to the owner.'"

In the present case there was no weapon, but the inequality of numbers, together with the threatening attitude, was such force as was calculated to intimidate or put in fear.  The language used was such as was calculated, and no doubt intended, to bring about a breach of the peace.  The number indicated a demonstration of force.  S. v. Simpson, 12 N. C., p. 504; S. v. Davenport, 156 N. C., p. 596; S. v. Tyndall, 192 N. C., p. 559.

Dr. P. A. Nicholson, a witness of the State, was asked the question: "Do you know their general reputation?  The answer being, 'Yes, I have heard their reputation is good except for making liquor.  They have been arrested and convicted.'"  Defendants moved the court below to strike out the answer, and to the refusal, excepted and assigned error.

The assignment of error cannot be sustained. It is the accepted rule that a witness may do this of his own volition. *S. v. Butler,* 177 N. C., p. 585; *Davis v. Long,* 189 N. C., 129. *S. v. Colson,* 193 N. C., 236, is in full accord with this rule.

For the reasons given, we can find

No error.