### STATE v. HENRY SETZER.

(Filed 7 May, 1930.)

**Criminal Law G e—Testimony in this case should have been excluded under hearsay rule.**

Testimony of the sheriff that a suspect of the crime told him to get the present defendant and "you will be on the right track," not made in the presence of the defendant, is inadmissible as hearsay evidence, and its admission over the objection of the defendant is reversible error.

APPEAL by defendant from *Stack, J.,* at February Term, 1930, of CATAWBA.

Criminal prosecution tried upon an indictment charging the defendant, and another, with breaking and entering the storehouse of one D. P. Drum on 28 November, 1929, with intent to steal the goods and chattels of the owner then being in said storehouse, etc., contrary to C. S., 4235.

Verdict: Guilty.

Judgment: Imprisonment in the State's prison for a term of not less than 18, nor more than 30, months.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
 *R. L. Huffman for defendant.*

STACY, C. J. The sheriff was permitted to testify, over objection of defendant, that one John Burns who had been arrested as a suspect, prior to the defendant, and charged with entering the store and stealing the goods in question, said to him while in his custody: "If you will get Henry Setzer you will be on the right track." This evidence was incompetent as against the defendant, who was not present at the time the statement was made, and should have been excluded. *S. v. Simmons, ante,* 599; *S. v. Green,* 193 N. C., 302, 136 S. E., 729.

The declaration of a third person, not an agent of the party sought to be affected, made in the absence of such party, is inadmissible as hearsay. *S. v. Lassiter,* 191 N. C., 210, 131 S. E., 577; *Daniel v. Dixon,* 161 N. C., 377, 77 S. E., 305.

The error is just one of those mishaps which, now and then, befalls the most circumspect in the trial of causes on the circuit. *S. v. Griggs,* 197 N. C., 352, 148 S. E., 547. But the defendant has appealed, and he is entitled to a ruling on the exception.

New trial.