### STATE v. WALTER HICKS.

(Filed 1 April, 1931.)

**1. Criminal Law G r—Where witness has testified that he knew general reputation of another witness his testimony thereon is competent.**

A character witness must be first qualified by an affirmative answer to the question as to whether he knows the general reputation of the witness concerning whose character he is called upon to testify, and then he may of his own volition and without suggestion from the counsel offering him, amplify his testimony by saying his character was good for certain virtues or bad for certain vices.

**2. Criminal Law L e—Defendant in this case held entitled to new trial for prejudicial error.**

The weight and credibility of conflicting evidence is for the jury, and where in a criminal action the exclusion of certain testimony of a character witness is error and prejudicial to the defendant, the Supreme Court on appeal will not say that its exclusion was harmless for the reason that the evidence of defendant's guilt was overwhelming, and the appealing defendant is entitled to a new trial.

CLARKSON, J., dissents.

APPEAL by defendant from *Harwood, Special Judge,* at January Term, 1931, of PERSON.

Criminal prosecution tried upon an indictment charging the defendant with violations of the prohibition laws, as follows:

1. Manufacturing intoxicating liquor; also aiding and abetting in its manufacture. C. S., 3367 and 3411(b).

2. Possessing property designed for the manufacture of liquor and intended for use in its unlawful manufacture. C. S., 3411(d); *S. v. Jaynes,* 198 N. C., 728, 153 S. E., 410.

3. Having and keeping in possession spirituous or vinous liquors for the purpose of sale. C. S., 3379 and 3411(b).

The record discloses that on 9 September, 1930, officers of Person County discovered three colored men, identified as the defendant, Roy Pearson and Clarence Williams, at a distillery, all participating in its operation. Roy Pearson was arrested on the spot, while the defendant and Clarence Williams made their escape.

Roy Pearson testified that the defendant and Clarence Williams were with him at the time of his arrest and that he was employed by them to help run the still. He further testified that he made a crop of tobacco with the defendant during the year 1930, but left before it was cured.

The defendant testified that he was at his home in Harnett County on 9 September, 1930, pulling fodder, and his alibi was supported by a

number of witnesses. He denied having anything to do with the distillery in question, and said that Roy Pearson farmed with him during the year 1930, but left his crop, and he had to finish curing his tobacco.

The defendant then offered S. M. Powell and Amos Mims as character witnesses.

S. M. Powell testified: "I know Roy Pearson. Q. Do you know his general reputation? A. I have seen him passing through and have heard of him and Herbert Spencer stealing chickens and making liquor all summer." Motion by solicitor to strike out answer; motion allowed; defendant excepts.

Amos Mims testified: "I have heard some people discuss the character of Roy Pearson. Q. If they discussed his character, did they say what it was, good or bad? (State objects; objection sustained.) Q. Do you know what people in that community who discussed his character say about it? A. Yes. Q. Well, what is it?" State objects; objection sustained; defendant excepts. Witness would have testified that Roy Pearson's character was bad.

Verdict: Guilty in manner and form as charged in bill of indictment.

Judgment: Sixteen months on the roads, not to wear stripes.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Wm. B. Oliver and Thos. W. Ruffin for defendant.*

Stacy, C. J., after stating the case: Conceding that the action of the trial court in excluding the testimony of S. M. Powell is sustainable on the ground that the witness had failed to qualify himself by first saying that he knew the general reputation and character of Roy Pearson *(S. v. Mills,* 184 N. C., 694, 114 S. E., 314), though this may be doubted on a liberal interpretation of the record *(S. v. Fleming,* 194 N. C., 42, 138 S. E., 342), still it would seem that a new trial must be awarded for error in the exclusion of the testimony of Amos Mims. It would be "sticking in the bark" to say that he did not qualify himself as an impeaching character witness. *S. v. Steen,* 185 N. C., 768, 117 S. E., 793.

The rule is, that when an impeaching or sustaining character witness is called, he should first be asked whether he knows the general reputation and character of the witness or party about which he proposes to testify. This is a preliminary qualifying question which should be answered yes or no. If the witness answer it in the negative, he should be stood aside without further examination. If he reply in the affirmative, thus qualifying himself to speak on the subject of *general* reputa-

MANUFACTURING CO. *v.* HUDSON.

tion and character, counsel may then ask him to state what it is. This he may do categorically, *i. e.,* simply saying that it is good or bad, without more, or he may, of his own volition, but without suggestion from counsel offering the witness, amplify or qualify his testimony, by adding that it is good for certain virtues or bad for certain vices. *S. v. Colson,* 193 N. C., 236, 136 S. E., 730; *S. v. Nance,* 195 N. C., 47, 141 S. E., 468. These requirements were met by the witness Mims, if not by the witness Powell.

But it is urged the defendant's guilt is so overwhelmingly established by the record, that an inadvertence in excluding the testimony of a character witness ought not to be regarded as capitally important. There are two answers to this position. In the first place, it is not conceded that the guilt of the defendant is conclusively established by the record. The witnesses for the defendant, offered to prove his alibi, outnumber those of the State, though it is conceded that the question of numerical weight or balance of witnesses is neither determinative nor significant. Suffice it to say, the evidence is in conflict. In the second place, the credibility of witnesses is peculiarly a matter for the jury and not for the court. *S. v. Beal,* 199 N. C., 278, 154 S. E., 604.

The error is just one of those mishaps which, now and then, befalls the most circumspect in the trial of causes on the circuit. *S. v. Griggs,* 197 N. C., 352, 148 S. E., 547. But the defendant has appealed, and he is entitled to a ruling on his exception. *S. v. Setzer,* 198 N. C., 663, 153 S. E., 118.

New trial.

CLARKSON, J., dissents.