STATE OF NORTH CAROLINA v. ALBERT COX, JAMES EARL COVINGTON AND GRAELYN R. GODFREY

No. 14

(Filed 5 May 1981)

**1. Rape § 4.3— character evidence relating to rape victim improper—objection waived**

The testimony of two State's witnesses concerning the character of a rape and kidnapping victim was incompetent where it was apparent from the witnesses' testimony that they were expressing their personal opinion of the prosecutrix's character rather than relating the general opinion held by the community; however, defendants waived their right to object to the testimony by failing to make prompt, timely objections thereto.

**2. Criminal Law § 89.3— prior consistent statement of witness—admissibility**

Testimony by an SBI agent that he did not hear a rape and kidnapping victim make any statement at trial which was inconsistent with her written and verbal statements during a prior interview with him was admissible as tending to establish a prior consistent statement by the prosecuting witness, and there was no error in its admission without a limiting instruction in the absence of defendant's request therefor.

**3. Rape § 6— place where crime occurred—instructions inadequate**

Where the bills of indictment charging defendants with first degree rape specified that each defendant committed the offense charged "on or about the 3rd day of March, 1979, in Pasquotank County," and the State's evidence tended to show that defendants raped the prosecutrix in Pasquotank County, Virginia, and Rocky Mount, N. C., the trial judge committed prejudicial error in failing to charge the jury that they could only convict defendants, if at all, of those rapes which occurred in Pasquotank County.

**4. Criminal Law § 113.7; Kidnapping § 1.3— acting in concert—failure to instruct —no error**

The Court of Appeals erred in granting a new trial on the ground that the trial court committed prejudicial error in failing to instruct the jury on the law of acting in concert as it applied to kidnapping, since the burden of proof which the State must meet to obtain a conviction under the principle of acting in concert is less than its burden to prove that a defendant actually committed every element of the offense charged, and the trial judge's failure to instruct the jury on the law of acting in concert as it related to kidnapping was therefore beneficial to defendants.

**5. Kidnapping § 1.2— sufficiency of evidence**

Evidence that each defendant unlawfully confined or restrained the victim against her will for the purpose of committing the felony of rape was sufficient to be submitted to the jury where it tended to show that, after the victim climbed into the car with the three defendants and defendant driver refused to follow her instructions, she repeatedly begged all three defendants to take her back to the university campus where she lived; neither defendant in the back seat made any effort to aid the victim or to suggest to the driver that he return to the university campus; all three defendants told the victim they would eventually take her back to the campus if she cooperated with them and threatened to harm her if she did not cooperate; one defendant threatened her with a butcher knife; and there was much evidence to suggest that all three defendants repeatedly raped the victim over a period of two days during which time she repeatedly asked to be allowed to return to the campus.

ON defendants' petition for discretionary review of a decision of the Court of Appeals, 48 N.C. App. 470, 269 S.E. 2d 297 (1980) (opinion by *Erwin, J.,* with *Arnold, J.* and *Hill, J.* concurring), which reviewed judgments entered by *Barefoot, J.,* at the 27 August 1979 Criminal Session of Superior Court, PASQUOTANK County.

Defendants were charged in indictments, proper in form, with first degree rape and kidnapping of Angela Gwenette Pettiford on 3 March 1979 in Pasquotank County. The three defendants were tried together and the jury found each guilty of second degree rape and kidnapping. From the trial court's judgment sentencing each defendant to imprisonment for a minimum of thirty years and a maximum of forty years on each offense, to be served consecutively, defendants appealed to the Court of Appeals as a matter of right pursuant to G.S. 7A-27(b). The Court of Appeals found no error in defendants' convictions of second degree rape and no error in defendant Cox's conviction of kidnapping, but granted a new trial on the kidnapping charges against defendants Covington and Godfrey. We granted defendants' petition for discretionary review under G.S. 7A-31 on 4 November 1980. Under the authority of Rule 16 of the North Carolina Rules of Appellate Procedure, the State seeks review of that portion of the Court of Appeals' decision which awarded a new trial to defendants Covington and Godfrey on the kidnapping charges.

The State's evidence tended to show that shortly after 12:00 a.m. on 3 March 1979, defendant Cox went to the dormitory at Elizabeth City State University in which the prosecutrix, Angela

Pettiford, lived. Ms. Pettiford was attending the University as a freshman at that time, and was defendant Cox's first cousin. She testified that Cox was seeking directions to a place where he could buy some food and asked her where he could sleep for the night. She agreed to walk with Cox across campus to a men's dormitory where another of their first cousins lived. After changing clothes, Ms. Pettiford left her dormitory with defendant, who then suggested that they drive to the men's dormitory in his car. When she walked up to the car she observed two males, whom she identified at trial as defendants Covington and Godfrey, seated in the automobile. Cox explained that the two were hitchhikers he had picked up earlier. Ms. Pettiford climbed into the back seat and attempted to direct Cox to the men's dormitory. Cox ignored her instructions and drove off campus, despite her repeated protests. All three defendants were in the car at this time.

Cox drove to a subdivision outside of Elizabeth City, where his car became stuck in a ditch. A resident of the subdivision helped pull the car back onto the road. He testified that Ms. Pettiford asked him to take her back to the University campus, but that Cox assured him that he would take her himself. Instead, Cox continued to drive away from Elizabeth City toward the Virginia State line. Ms. Pettiford again asked to be taken back to campus, whereupon Cox replied "OK, it's party time." The other two defendants, who were referred to as "Dave" and "Joe" throughout the entire incident, then took beer and wine from behind the back seat and forced the prosecutrix to drink it at knife point. At some point during the journey Ms. Pettiford's clothes were removed and defendants Covington and Godfrey forced her to engage in sexual intercourse with them in the back seat. Defendant Cox later stopped the car, the two males in the back seat got in the front seat, and Cox got in the back seat with Ms. Pettiford. He then forced Ms. Pettiford to have sexual intercourse with him. Later Cox resumed driving and the two other defendants returned to the back seat with Ms. Pettiford. Cox drove on and arrived at his apartment in Alexandria, Virginia, at approximately 6:00 a.m. on 3 March 1979. Cox repeatedly raped Ms. Pettiford at his apartment. The three defendants and Ms. Pettiford left Alexandria at about 12:00 noon on that day and drove to a Holiday Inn Motel in Rocky Mount, North Carolina.

From about 8:30 p.m. that evening until 1:00 a.m. on 4 March 1979 the defendants repeatedly forced the prosecutrix to engage in sexual intercourse with each of them. At some time after 8:00 a.m. that morning defendants took Ms. Pettiford to the bus station in Rocky Mount and sent her by bus to Elizabeth City. Upon arriving in Elizabeth City she called her roommates and asked them to pick her up. When they arrived she related the circumstances of the kidnapping and rapes to them and to her boyfriend, who had accompanied them to the bus station. They immediately contacted law enforcement officers, to whom Ms. Pettiford again related the incident. A Pasquotank County Deputy Sheriff, a State Bureau of Investigation agent, Ms. Pettiford's roommates, and her boyfriend all testified for the State as corroborative witnesses. Ms. Pettiford's statements to each regarding the events which occurred on 3 and 4 March 1979 were identical in all relevant respects. A physician who examined the prosecutrix on the evening of 4 March 1979 testified that he found no indication of injury in the vaginal area, although he did find traces of degenerative sperm.

Each defendant testified in his own behalf, admitting that they engaged in sexual intercourse and other sexual acts with Ms. Pettiford on 3 and 4 March 1979, but stating that all such acts were done with her consent. Each stated that Ms. Pettiford voluntarily agreed to ride with them and was never kidnapped at any point. Defendant Cox presented witnesses who testified to his good character.

Additional facts pertinent to the decision will be related in the opinion below.

*John G. Trimpi and C. Everett Thompson for defendant-appellants.*

*Attorney General Rufus L. Edmisten by Special Deputy Attorney General Charles J. Murray for the State.*

COPELAND, Justice.

Defendants and the State argue several assignments of error on appeal. We have carefully considered each assignment and conclude that the Court of Appeals correctly found no error which would entitle defendant Cox to a new trial on the kidnapping

State v. Cox

charge. For the reasons stated below, we reverse the Court of Appeals' decision awarding a new trial to defendants Covington and Godfrey on the kidnapping charges and reinstate the trial court's judgment on these charges. We also reverse the Court of Appeals' opinion finding no error in defendants' convictions of second degree rape, and remand to the trial court for a new trial for all three defendants on the rape charges.

[1] By their first assignment of error, defendants contend that the Court of Appeals erred in affirming the trial court's denial of defendants' motion to strike the testimony of State's witnesses Dorothy Newby and Shirley Barnes. Dorothy Newby's testimony concerning the character of the prosecutrix and defendants' objections thereto are reported in the record as follows:

"My name is Dorothy Newby, and I am employed as resident director at Elizabeth City State University. I have been employed with the Elizabeth City State University since August of 1970. I reside in Elizabeth City at 1208 Harris Drive. In my capacity as resident director I have had an occasion to become acquainted with the young lady by the name of Angela Pettiford. I did have an occasion from time to time to see Ms. Pettiford at or about the campus during the last school year in 1978-1979.

Q. And I ask you whether or not you had an opportunity and occasion to form some opinion about the character and reputation of Angela Pettiford?

OBJECTION.

OVERRULED.

Q. You can answer the question. Did you form some opinion?

A. Yes.

Q. And was that opinion based upon the information there on the campus community, or your contact with her on campus?

A. My contact with her on campus.

Q. And what is your opinion as to the character and reputation of Angela Pettiford?

A. My opinion is that she is a very nice young lady, and has a very good character.

CROSS EXAMINATION by Mr. Rosser:

Q. Who have you heard discuss her reputation?

A. I haven't heard anyone discuss her reputation.

MR. ROSSER: Move to strike her testimony.

COURT: I didn't hear your question.

MR. ROSSER: I asked her who had she heard discuss the reputation of Angela Pettiford, and she said she had heard no one discuss it. And I move to strike the testimony as to her character, and reputation.

COURT: I am Denying your Motion."

State's witness Shirley Barnes also testified to the prosecutrix's character, and stated in pertinent part:

"From my personal observations in and about the campus community I did form an opinion satisfactory to myself as to the character and reputation of Angela Pettiford. As to what my opinion as to her character and reputation is, she is a very nice young lady.

CROSS EXAMINATION by Mr. Rosser:

Q. Have you heard anyone discuss her character and reputation prior to today?

A. No.

MR. ROSSER: Move to strike.

COURT: Denied."

It is the general rule in this jurisdiction that a witness may testify concerning a person's character only after he qualifies himself by affirmatively indicating that he is familiar with the person's general character and reputation. A witness who testifies that he does not know the general reputation of the person in question is incompetent to testify as a character witness. *State v. Denny*, 294 N.C. 294, 240 S.E. 2d 437 (1978); *State v. Stegmann*, 286 N.C. 638, 213 S.E. 2d 262 (1975), *death sentence*

*vacated*, 428 U.S. 902, 96 S.Ct. 3203, 49 L.Ed. 2d 1205 (1976); *Johnson v. Massengill*, 280 N.C. 376, 186 S.E. 2d 168 (1972). The proper procedure for qualifying a character witness was set forth in *State v. Hicks*, 200 N.C. 539, 540-41, 157 S.E. 851, 852 (1931) as follows:

> "The rule is, that when an impeaching or sustaining character witness is called, he should first be asked whether he knows the general reputation and character of the witness or party about which he proposes to testify. This is a preliminary qualifying question which should be answered yes or no. If the witness answer it in the negative, he should be stood aside without further examination. If he reply in the affirmative, thus qualifying himself to speak on the subject of *general* reputation and character, counsel may then ask him to state what it is."

It is apparent from the record that neither Dorothy Newby nor Shirley Barnes was properly qualified as a character witness before testifying that Angela Pettiford was "a very nice young lady" of good character. Consequently, their testimony was incompetent and improperly admitted. However, we find that defendants waived their right to object to the testimony by failing to make a prompt, timely objection thereto.

It is axiomatic that an objection to or motion to strike an offer of evidence must be made as soon as the party objecting has an opportunity to discover the objectionable nature thereof. Unless prompt objection is made, the opponent will be held to have waived it. *State v. Logner*, 297 N.C. 539, 256 S.E. 2d 166 (1979); *State v. Banks*, 295 N.C. 399, 245 S.E. 2d 743 (1978); *State v. Jones*, 293 N.C. 413, 238 S.E. 2d 482 (1977). In the present case, no objection was made at the time the objectionable nature of the character witnesses' testimony became apparent. Defendants first objected to the following question addressed to Dorothy Newby: "And I ask you whether or not you had an opportunity and occasion to form some opinion about the character and reputation of Angela Pettiford?" The trial court correctly overruled defendants' objection. The question appeared designed to elicit the foundation for the witness' testimony; there was no indication in the wording of the question that the witness would respond with an inadmissible statement. The objectionable nature of Ms. Newby's

testimony was subsequently revealed in her statement to the effect that her opinion of Ms. Pettiford's character was based upon personal contact with Ms. Pettiford and not from a general knowledge of her reputation on the campus. At this point it became apparent that Ms. Newby was expressing her personal opinion of Ms. Pettiford's character rather than relating the general opinion held by the community. However, defendants made no objection at this time, therefore they are deemed to have waived it.

The incompetency of Ms. Barnes' testimony was revealed when she stated that from her personal observations she formed an opinion of Ms. Pettiford's character. Defendants entered no objection to this statement and allowed the witness to further state her opinion of Ms. Pettiford's good character. Again, defendants failed to make a timely objection to the evidence and therefore waived their right to contest it. Defendants' assignment of error is without merit and overruled.

[2] Defendants argue under their second assignment that the Court of Appeals erred in upholding the trial judge's decision to overrule their objection to certain testimony given by State's witness O. L. Wise. Detective Wise, an agent for the State Bureau of Investigation, interviewed Angela Pettiford and took a written statement from her on 8 March 1979. He testified as a corroborating witness, relating in detail Ms. Pettiford's statements to him concerning the events which transpired on 3 and 4 March 1979. At the end of his lengthy testimony, Detective Wise was asked: "And at any point of time in her statement to you did she say anything different from what she testified to here?" Defendants' objection to the question was overruled, after which the witness replied, "No, sir." Defendants maintain that by permitting the witness to answer the question, the trial court allowed him to make a conclusory statement of opinion which invaded the province of the jury.

Ordinarily, opinion testimony from a lay witness is not admissible since it is the province of the jury to draw whatever inferences are warranted by the evidence presented. *State v. Phifer*, 290 N.C. 203, 225 S.E. 2d 786 (1976), *cert. denied*, 429 U.S. 1050, 97 S.Ct. 1160, 51 L.Ed. 2d 573 (1977). The testimony objected to in the present case, however, was not opinion testimony but

Detective Wise's own personal observations after having interviewed the prosecuting witness and having heard her testimony at trial. Mr. Wise was not expressing an opinion on whether Ms. Pettiford was telling the truth, which was the issue to be decided by the jury; he was merely stating that he did not hear Ms. Pettiford make any statement at trial which was inconsistent with her written and verbal statements during a prior interview. The fact that a witness made a prior consistent statement is admissible as evidence tending to strengthen the witness' credibility. *State v. Mayhand*, 298 N.C. 418, 259 S.E. 2d 231 (1979); *State v. Medley*, 295 N.C. 75, 243 S.E. 2d 374 (1978); 1 Stansbury's North Carolina Evidence § 51 (Brandis Rev. 1973). This evidence is admissible solely for the purpose of corroborating the witness' testimony, and not as substantive evidence. However, when a defendant fails to specifically request an instruction restricting the use of corroborative testimony, it is not error for the trial judge to admit the evidence without a limiting instruction. *State v. Sauls*, 291 N.C. 253, 230 S.E. 2d 390 (1976), *cert. denied*, 431 U.S. 916, 97 S.Ct. 2178, 53 L.Ed. 2d 226 (1977); *State v. Sawyer*, 283 N.C. 289, 196 S.E. 2d 250 (1973). In the case *sub judice*, defendants did not request an instruction restricting the use of Detective Wise's testimony. His testimony was admissible as tending to establish a prior consistent statement by the prosecuting witness and there was no error in its admission without a limiting instruction. In his charge to the jury, the trial judge repeatedly instructed them that they were to be the sole judges of the credibility of each witness, and the sole judges of the weight to be accorded the evidence presented. Defendants have failed to show that they were prejudiced by Detective Wise's testimony, thus we find no error in its admission and defendants' second assignment is overruled.

[3] By their assignments numbered five through eleven, fifteen through seventeen, and twenty-one through twenty-three, defendants allege that the Court of Appeals erred in finding no error in the trial judge's instructions to the jury concerning the rape charges against them. We find merit in defendants' allegations and hold that all defendants must be awarded a new trial on the rape charges.

The bills of indictment charging defendants with first degree rape specify that each defendant committed the offense charged

"on or about the 3rd day of March, 1979, in Pasquotank County." The State's evidence tended to show that defendants may have raped Ms. Pettiford on 3 March 1979 in Pasquotank County, and that they did rape her in Virginia and in Rocky Mount, North Carolina on 3 and 4 March 1979. The trial judge summarized the evidence tending to prove all the alleged rapes, and then, as to each defendant, instructed the jury in substance as follows:

> ". . . I charge that if you find from the evidence and beyond a reasonable doubt that . . . on or about the 3rd or 4th day of March, 1979, the defendant . . . was more than sixteen years of age, and had sexual intercourse with the prosecuting witness without her consent and against her will, or forcibly overcame her resistance or procured her submission by the use of a deadly weapon, it would be your duty to return a verdict of guilty of first degree rape. . . .

> I charge that if you find from the evidence and beyond a reasonable doubt that . . . on or about the 3rd or 4th day of March, 1979, the defendant . . . overcame Angela Pettiford's resistance and had sexual intercourse with her without her consent and against her will, it would be your duty to return a verdict of guilty of second degree rape."

The trial judge at no time instructed the jury that they could only convict defendants, if at all, of first or second degree rape for those incidents which occurred in Pasquotank County.

It is a fundamental rule in the administration of criminal justice that a defendant must be convicted, if at all, of the particular offense charged on the bill of indictment. *State v. Best*, 292 N.C. 294, 233 S.E. 2d 544 (1973); *State v. Watson*, 272 N.C. 526, 158 S.E. 2d 334 (1968); *State v. Jackson*, 218 N.C. 373, 11 S.E. 2d 149 (1940). In the case *sub judice*, the trial judge's charge to the jury created a strong possibility that the jury would convict defendants of offenses not stated in the bills of indictment. By not specifying that defendants could be convicted of only those rapes, if any, which occurred in Pasquotank County, the trial judge allowed the jury to consider whether defendants were guilty of the alleged rapes in Virginia and Rocky Mount. Evidence of all the sexual offenses which purportedly took place on 3 and 4 March 1979 was presented to the jury, and without a limiting instruction, there was nothing to prevent them from considering

defendants' guilt or innocence on all the offenses for which evidence was admitted. It is impossible to discern from the jury's verdict where the particular second degree rape for which they found defendants guilty took place. Consequently, we find that the trial judge committed prejudicial error in failing to charge the jury that they could only convict defendants, if at all, of those rapes which occurred in Pasquotank County. That portion of the Court of Appeals' opinion which found no error in the trial judge's instructions concerning rape is reversed, and the case is remanded for a new trial for all three defendants on the rape charges.

The State assigns as error that portion of the Court of Appeals' decision which awarded a new trial to defendants Covington and Godfrey on the kidnapping charges.[1] By their assignments numbered thirteen, fourteen, nineteen and twenty, defendants Covington and Godfrey argue that in the event this Court reverses the Court of Appeals' decision granting them a new trial, they contend that the Court of Appeals erred in affirming the trial court's denial of their motion for nonsuit on the kidnapping charges and in finding no error in the trial court's failure to instruct the jury on the law pertaining to aiding and abetting a kidnapping. For the reasons stated below, we reverse the Court of Appeals' decision awarding a new trial on the kidnapping charges and find no merit in defendants' remaining assignments of error.

[4] The Court of Appeals granted a new trial on the grounds that the trial court committed prejudicial error in failing to instruct the jury on the law of acting in concert as it applies to kidnapping. At the close of his charge to the jury, the trial judge asked counsel for the defendant and the State if they wished to

---

1. The State seeks review of this portion of the Court of Appeals' opinion under the authority of Rule 16 of the North Carolina Rules of Appellate procedure, which provides in pertinent part:

"A party who was an appellee in the Court of Appeals and is an appellee in the Supreme Court may present any questions which, pursuant to Rule 28(c), he properly presented for review to the Court of Appeals."

The State properly presented the issue of the trial court's failure to instruct the jury on the law of acting in concert as it applies to kidnapping for review before the Court of Appeals, and is therefore authorized to present this question for review by this Court.

request further instructions. At the State's behest, the trial judge instructed the jury on the law of acting in concert as follows:

> "Members of the Jury, for a person to be guilty of a crime it is not necessary that he himself do all of the acts necessary to constitute the crime. If two or more persons act together with a common purpose to commit rape each of them is held responsible for the acts of the others done in the commission of the rape."

We fail to understand how the trial judge's omission of an instruction relating the law of acting in concert to the particular offense of kidnapping could prejudice defendants Covington and Godfrey in any manner.

Under the principle of acting in concert, an individual may be found guilty of an offense if he is ". . . present at the scene of the crime and the evidence is sufficient to show he is acting together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime." *State v. Joyner*, 297 N.C. 349, 357, 255 S.E. 2d 390, 395 (1979). In order to obtain a conviction under this principle, the State need not prove that the defendant committed any act which constitutes an element of the crime with which he is charged. *State v. Williams*, 299 N.C. 652, 263 S.E. 2d 774 (1980); *State v. Joyner*, *supra*. Thus, the burden of proof which the State must meet to obtain a conviction under the principle of acting in concert is less than its burden to prove that a defendant actually committed every element of the offense charged. The trial judge's failure to instruct the jury in the present case on the law of acting in concert as it relates to kidnapping was therefore beneficial to defendants Covington and Godfrey. In the absence of that instruction, the State had to satisfy the jury that each defendant committed every element of the kidnapping offense in order to obtain a conviction for all three defendants. Had the instruction been given, the jury could have convicted all three defendants of kidnapping if it was satisfied beyond a reasonable doubt that one defendant committed all the elements of kidnapping, while the other two defendants were merely present at the scene and acting with the first defendant according to a common purpose or plan. Since any error by the trial judge in failing to instruct on the law of acting in concert as it pertains to kidnapping was beneficial to defend-

ants Covington and Godfrey, that portion of the Court of Appeals' opinion which granted these defendants a new trial on the kidnapping charges is overruled. For the same reasons, we also find no prejudice to defendants Covington and Godfrey in the trial court's failure to instruct the jury on the law concerning aiding and abetting as it relates to kidnapping, and defendants' assignments numbered fourteen and twenty are overruled.

[5] We likewise find no merit in Covington's and Godfrey's allegations that the Court of Appeals erred in affirming the trial court's denial of their motion for nonsuit on the kidnapping charges. These defendants argue that the evidence presented was insufficient to sustain their convictions of kidnapping.

In ruling upon defendants' motion to dismiss on the grounds of insufficient evidence, the trial court is required to interpret the evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor. *State v. Fletcher*, --- N.C. ---, 272 S.E. 2d 859 (1981); *State v. King*, 299 N.C. 707, 264 S.E. 2d 40 (1980); *State v. Bowman*, 232 N.C. 374, 61 S.E. 2d 107 (1950). The trial court must determine as a question of law whether the State has offered substantial evidence of defendant's guilt on every essential element of the crime charged. "Substantial evidence" is that amount of relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *State v. Smith*, 300 N.C. 71, 265 S.E. 2d 164 (1980); *State v. Powell*, 299 N.C. 95, 261 S.E. 2d 114 (1980).

Kidnapping is defined by G.S. 14-39 as the unlawful restraint, confinement, or removal of an individual from one place to another, without his consent, for the purpose of:

"(1) Holding such other person for ransom or as a hostage or using such other person as a shield; or

(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or

(3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person."

*See also State v. Hunter*, 299 N.C. 29, 261 S.E. 2d 189 (1980); *State v. Fulcher*, 294 N.C. 503, 243 S.E. 2d 338 (1978). There is evidence

in the present case which tends to show that after Ms. Pettiford climbed into the car with the three defendants and defendant Cox refused to follow her instructions, she repeatedly begged all three defendants to take her back to the Elizabeth City State University campus. Neither defendant Covington nor defendant Godfrey made any effort to aid Ms. Pettiford or to suggest to Cox that he return to the University campus. Ms. Pettiford testified that all three defendants told her they would eventually take her back to Elizabeth City if she cooperated with them, and threatened to harm her if she did not cooperate. She stated that defendant Godfrey threatened her with a butcher knife. There is much evidence to suggest that all three defendants repeatedly raped Ms. Pettiford over a period of two days, during which time she repeatedly asked to be allowed to return to Elizabeth City. After considering this evidence in the light most favorable to the State, we find that there was substantial evidence presented to indicate that each defendant unlawfully confined or restrained Ms. Pettiford against her will, for the purpose of committing the felony of rape. The determination of defendants' guilt or innocence was therefore a question to be answered by the jury, and the trial court properly denied defendants' motion to dismiss for insufficiency of the evidence.

We have carefully considered assignments of error numbered twelve and eighteen, presented by defendants Covington and Godfrey, and hold them without merit and overruled.

For the foregoing reasons, that portion of the Court of Appeals' opinion which found no error in defendant Cox's conviction of kidnapping is affirmed. We hold that defendants Covington and Godfrey received a fair trial free from prejudicial error on the kidnapping charges, therefore we reverse the Court of Appeals' decision awarding a new trial to these two defendants, and reinstate the trial court's judgment on the kidnapping offenses. That portion of the Court of Appeals' opinion which found no error in defendants' convictions of second degree rape is reversed, and the case remanded to the trial court for a new trial for all three defendants on the rape charges.

Affirmed in part, reversed in part, and remanded.