STATE OF NORTH CAROLINA v. DEBBIE OXENTINE MITCHELL

No. COA98-1555

(Filed 16 November 1999)

**1. Evidence— hearsay—directive statement**

The trial court did not err in a prosecution for providing drugs to an inmate by admitting testimony that defendant's boyfriend, an inmate, said "hurry" or "leave" to her as she was departing. Directives are not hearsay when they are simply

offered to prove that the directive was made, not to prove the truth of any matter asserted.

## 2. Evidence— relevance—guilt of third party

The trial court did not err in a prosecution for providing drugs to an inmate by excluding cross-examination questions by defendant which defendant contends would have shown that the marijuana could have come from someone else. Defendant's proffered cross-examination only sought to raise the inference that some third party might have smuggled the marijuana and did not point to any specific person.

## 3. Drugs— supplying drugs to inmate—sufficiency of evidence

The trial court did not err by refusing to dismiss for insufficient evidence a charge of providing drugs to an inmate where defendant visited her boyfriend, an inmate at the Alexander County jail; they spoke in a cubicle, separated by a glass window; following their conversation, defendant was seen rising from a squatting position and her boyfriend was seen picking something up near the jail door; there was a separation between the door and the floor; the boyfriend told defendant to hurry and to leave when a jailer and a deputy questioned him; and a marijuana cigarette was found in defendant's hand.

Appeal by defendant from judgment entered 5 August 1998 by Judge James C. Davis in Alexander County Superior Court. Heard in the Court of Appeals 6 October 1999.

*Attorney General Michael F. Easley, by Assistant Attorney General James C. Holloway, for the State.*

*L. Dale Graham for defendant-appellant.*

LEWIS, Judge.

Defendant was tried at the 4 August 1998 session of Alexander County Superior Court for providing drugs to an inmate at a local confinement facility on 4 May 1997, in violation of N.C. Gen. Stat. § 14-258.1(a). The jury returned a verdict of guilty on 4 August 1998, and defendant now appeals.

At trial, the State's evidence tended to show that defendant visited her boyfriend, Bobby Hightower ("Hightower"), at the Alexander County jail on Sunday afternoon, 4 May 1997, where Hightower

was then an inmate. They proceeded to speak in a cubicle for ten minutes, separated only by a glass window. Following their conversation, defendant was observed rising up from a squatting position and Hightower was then seen bending over and picking something up near the main jail door. At that time, there was approximately an inch or an inch-and-a-half separation between the jail door and the floor. When the jailer on duty and a deputy sheriff immediately questioned Hightower as to what was in his hand, he told defendant to "hurry" or "leave." The jailer and deputy sheriff discovered in Hightower's hand a marijuana cigarette, around which was wrapped twelve dollars.

[1] In her first assignment of error, defendant argues that the jailer's and deputy sheriff's testimony that Hightower said "hurry" or "leave" to defendant as she was departing constitutes inadmissible hearsay. We disagree. In their respective briefs, the parties focus on whether such statements fall within the excited utterance exception to hearsay. *See* N.C.R. Evid. 803(2). We need not address those arguments as these statements are not even hearsay in the first place.

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C.R. Evid. 801(c). The Official Commentary to Rule 801, however, points out that "[i]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." N.C.R. Evid. 801, Official Commentary. Directives, such as those here, are not hearsay because they are simply offered to prove that the directive was made, not to prove the truth of any matter asserted therein. *Cf. United States v. Gibson*, 675 F.2d 825, 834 (6th Cir.) ("Indeed, a suggestion or an order is not subject to verification at all because such utterances do not assert facts."), *cert. denied*, 459 U.S. 972, 74 L. Ed. 2d 285 (1982).

On this point, *State v. Hood*, 294 N.C. 30, 239 S.E.2d 802 (1978), is instructive. In *Hood*, the following testimony was objected to as hearsay:

Well, the way it was I suppose to [sic] he said I supposed to set upon the bank . . . .

[Objection; overruled]

I suppose to set upon the bank and shoot through the windshield, back windshield.

*Id.* at 40, 239 S.E.2d at 808. In addressing the defendant's contention that this testimony amounted to hearsay, our Supreme Court stated:

> The witness's response that he 'was suppose to set upon the bank [etc.] . . .' indicates that defendant directed the witness to do certain things. Such a response is not hearsay in that it is offered only to show that the statement was made, and not to show the truth of matters asserted in the statement. The probative force of such testimony, *i.e.*, that the statement was made, depends on the credibility of the witness himself, and not on the credibility of some person other than the witness producing such testimony.

*Id.* at 40-41, 239 S.E.2d at 808. Here, as in *Hood*, the significance of the statement "hurry" or "leave" was in the fact that the statement was made, not in the truth of any matters asserted therein. Accordingly, defendant's first assignment of error is overruled.

**[2]** Next, defendant contests the trial court's exclusion of certain questioning purportedly relevant to defendant's case. "[E]ven though a trial court's rulings on relevancy technically are not discretionary and therefore are not reviewed under the abuse of discretion standard applicable to Rule 403, such rulings are given great deference on appeal." *State v. Wallace*, 104 N.C. App. 498, 502, 410 S.E.2d 226, 228 (1991), *disc. review denied*, 331 N.C. 290, 416 S.E.2d 398, *cert. denied*, 506 U.S. 915, 121 L. Ed. 2d 241 (1992). With this standard of review in mind, we turn to defendant's proffered line of questioning.

Specifically, defendant sought to cross-examine the deputy sheriff as to four things: (1) inmates serving DWI sentences being in the jail that weekend; (2) other occasions in which prisoners brought in contraband themselves; (3) the general procedure for visitors bringing in clothing or personal items to inmates; and (4) "trustees" (i.e. trusted inmates) being allowed in the lobby area of the jail. Defendant argues that such cross-examination would have shown the marijuana here could have come from someone other than defendant. We conclude that such cross-examination was properly excluded by the trial court as being irrelevant.

"Evidence that another committed the crime for which the defendant is charged generally is relevant and admissible as long as it

does more than create an inference or conjecture in this regard. *It must point directly to the guilt of the other party." State v. Cotton*, 318 N.C. 663, 667, 351 S.E.2d 277, 279 (1987) (emphasis added). Here, defendant's proffered cross-examination only sought to raise the inference that some third party might have smuggled in the marijuana—it did not point to any *specific* person. Thus, defendant's argument is rejected. *See also State v. Brewer*, 325 N.C. 550, 562, 386 S.E.2d 569, 575 (1989) (holding defendant's proffered evidence to be irrelevant because "it fail[ed] to point to a specific other person as the perpetrator of the crime with which defendant is charged"), *cert. denied*, 495 U.S. 951, 109 L. Ed. 2d 541 (1990).

**[3]** Finally, defendant contests the trial court's failure to dismiss the charges against her for insufficient evidence. "In ruling upon defendant['s] motion to dismiss on the grounds of insufficient evidence, the trial court is required to interpret the evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor." *State v. Cox*, 303 N.C. 75, 87, 277 S.E.2d 376, 384 (1981). There must be substantial evidence of defendant's guilt as to each element of the crime charged. *Id.* Here, defendant was charged with providing drugs to an inmate at a local confinement facility. To withstand a motion to dismiss for that offense, the State had to prove three elements: (1) Hightower was an inmate at a local confinement facility; (2) while Hightower was an inmate, defendant gave him a controlled substance; and (3) defendant acted knowingly and intentionally. *See* N.C. Gen. Stat. 14-258.1(a) (1993); N.C.P.I., Crim. 233.80. The State's evidence, as summarized earlier, satisfied each of these three elements. Thus, defendant's final argument is without merit.

No error.

Judges JOHN and McGEE concur.