STATE OF NORTH CAROLINA v. EVERETT GREGORY McCAIN DEFENDANT

No. COA10-647

(Filed 17 May 2011)

**Evidence— untimely motion to strike—witness testimony**

The trial court did not abuse its discretion in a possession of cocaine case by denying defendant's untimely motion to strike an SBI forensic chemist's testimony when an objection was not made during direct examination, but made after the completion of this witness and another witness's testimony plus a motion to suppress.

STATE v. McCAIN

[212 N.C. App. 228 (2011)]

Appeal by defendant from judgment entered on or about 18 February 2010 by Judge W. Osmond Smith, III, in Superior Court, Person County. Heard in the Court of Appeals 2 November 2010.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Kathleen Mary Barry, for the State.*

*Anne Bleyman, for defendant-appellant.*

STROUD, Judge.

Everett Gregory McCain ("defendant") appeals from a conviction for possession of cocaine. For the following reasons, we find no error in defendant's trial.

On 11 May 2009, defendant was indicted for one count of possession with intent to manufacture, sell, and deliver, oxycontin and possession with intent to sell and deliver cocaine. Defendant was tried on these charges during the 17 February 2010 Criminal Session of Superior Court, Person County. The State's evidence tended to show that on 6 November 2008, the Roxboro Police Department executed a search warrant of defendant's residence at 970 Allie Clay Road in Person County. As a result of the execution of that search warrant, police seized, among other items, eight plastic bags containing a white powdery substance. This evidence was submitted to the North Carolina State Bureau of Investigation ("SBI") for examination. Irvin Lee Alcox, a forensic chemist with the SBI, analyzed the white powder and testified that the eight plastic bags contained 14.0 grams of the controlled substance cocaine hydrochloride. During trial, the State voluntarily dismissed the charge of possession with intent to manufacture, sell, and deliver oxycontin. On 18 February 2010, the jury found defendant guilty of possession of cocaine. The trial court sentenced defendant to a term of six months to eight months imprisonment. The trial court suspended this sentence and placed defendant on supervised probation for 36 months. Defendant gave notice of appeal in open court.

In his only argument on appeal, defendant contends that the trial court abused its discretion in permitting SBI forensic chemist Irvin Alcox to testify as an expert witness, as the State had committed a discovery violation by not providing defendant with a copy of Mr. Alcox's laboratory notes stating that he had combined all of the eight bags of white powdery substance for analysis based on a visual examination and this violation amounted to a surprise to the defense. We

note that defendant raised these arguments at trial in a motion to strike Mr. Alcox's testimony, which was denied by the trial court.

Our Supreme Court has stated that

> a motion to strike out the testimony, to which no objection was aptly made, is addressed to the discretion of the trial judge, and his ruling in the exercise of such discretion, unless abuse of that discretion appears, is not subject to review on appeal.

*State v. Hunt*, 223 N.C. 173, 176, 25 S.E.2d 598, 600 (1943) (citation omitted). N.C. Gen. Stat. § 8C-1, Rule 103(a)(1) (2009) states that "[e]rror may not be predicated upon a ruling which admits . . . evidence unless a substantial right of the party is affected, and . . . a *timely* objection or motion to strike appears of record. . . ." (emphasis added). Our Supreme Court has further noted that "[i]t is axiomatic that an objection to or motion to strike an offer of evidence must be made as soon as the party objecting has an opportunity to discover the objectionable nature thereof. Unless prompt objection is made, the opponent will be held to have waived it." *State v. Cox*, 303 N.C. 75, 81, 277 S.E.2d 376, 380 (1981) (citations omitted). Therefore, "[a] motion to strike will . . . be deemed untimely if the witness answers the question and the opposing party does not move to strike the response until after further questions are asked of the witness." *State v. McCray*, 342 N.C. 123, 127, 463 S.E.2d 176, 179 (1995) (the defendant's motion to strike the witness' in-court identification was not timely as the defense counsel allowed the witness to answer three subsequent questions following the witness identification before making the motion to strike.).

Here, the trial transcript shows that defendant's motion to strike was untimely. During direct examination of Sergeant Shawn Williams of the Roxboro Police Department, the State, with permission from defendant, suspended Sergeant Williams' testimony and brought Mr. Alcox to the stand for direct examination. During the State's direct examination, Mr. Alcox testified as to his analysis of the white powder and his conclusion that it was cocaine hydrochloride, but the only objection raised by defendant was as to the State's introduction of Mr. Alcox's laboratory report into evidence. Defendant made no objection as to Mr. Alcox's testimony during direct examination. Defense counsel cross-examined Mr. Alcox, including questions regarding his laboratory notes. After Mr. Alcox's testimony, Sergeant Williams was then brought back to the stand and defense counsel was permitted to cross-examine Sergeant Williams; the State asked questions on redi-

**STATE v. McCAIN**

[212 N.C. App. 228 (2011)]

rect; and defendant asked questions to Sergeant Williams in recross examination. Defense counsel then moved to suppress the physical evidence, which was denied by the trial court. It was at this point in the trial that defense counsel moved "to strike the chemical, the forensic scientist's opinion of cocaine based on [a] discovery violation[,]" as the State had not provided defendant Mr. Alcox's laboratory notes which provided for the underlying basis of the expert's opinion, and this omission amounted to a surprise to the defense. The trial court denied defendant's motion.

It appears from the transcript that defense counsel had already discovered "the objectionable nature[,]" *see Cox*, 303 N.C. at 81, 277 S.E.2d at 380, of Mr. Alcox's testimony prior to trial, as defense counsel during his argument for a motion to strike stated:

> I will say for the record, right before the trial began [the prosecutor] spoke to the chemist and the chemist told him he only pretested five bags and the combined, but that was the notice we had with regards to how this testing was done.

Therefore, defendant should have made his objection or motion to strike during or prior to Mr. Alcox's testimony. We also note that defense counsel gave no reason for his delay in raising his motion to strike. As defense counsel did not make an objection to Mr. Alcox's testimony during direct examination but waited until after the completion of Mr. Alcox's and Sergeant Williams' testimony, and his motion to suppress before raising the above motion to strike, we hold that defendant's motion to strike was untimely. Therefore, the trial court did not abuse its discretion in denying defendant's motion to strike. Accordingly, we overrule defendant's argument and hold that defendant received a trial free from error.

NO ERROR.

Judges BRYANT and BEASLEY concur.