STATE OF NORTH CAROLINA v. EDDIE LEWIS SMITH

No. 66A84

(Filed 5 June 1984)

1. **Burglary and Unlawful Breakings § 1.2— constructive breaking—door opened by another**

    A constructive breaking occurs when a "confederate" within the house opens the door to admit defendant. The "confederate" or "other person" who actually creates the opening need not be an "inmate" or someone who regularly resides in the dwelling, but it is enough if that person is acting at the direction, express or implied, of defendant, or is acting in concert with defendant, or both.

2. **Burglary and Unlawful Breakings § 5— first degree burglary—constructive breaking—sufficiency of evidence**

    The evidence supported a verdict finding defendant guilty of first degree burglary on a theory of constructive breaking by procuring and using another person to open the door where it tended to show that defendant had opened the bathroom window of the victim's house when he visited the victim earlier on the night of the crime; when defendant and two companions were unsuccessful in their efforts to use a key to open the front door of the victim's house, defendant instructed one companion to go through the bathroom window and unlock the front door; and the companion accomplished this task, aided in part by a boost up to the window by defendant and the second companion.

DEFENDANT appeals a decision by a divided panel of the Court of Appeals, 65 N.C. App. 770, 310 S.E. 2d 115 (1984), affirming a judgment imposed on defendant's conviction of first degree burglary by *Judge James D. Llewellyn* presiding during the 19 April 1982 Session of the NEW HANOVER County Superior Court.

*Rufus L. Edmisten, Attorney General, by Marilyn R. Rich, Assistant Attorney General, for the State.*

*Adam Stein, Appellate Defender, by Malcolm Ray Hunter, Jr., for defendant appellant.*

EXUM, Justice.

The sole issue before the Court is whether the evidence is sufficient to support defendant's guilt of first degree burglary on a theory of constructive breaking—the only theory upon which the trial court instructed. Defendant contends the evidence supports defendant's guilt of this crime, if at all, only upon the theory that he acted in concert with others, a theory upon which the trial court did not instruct. We conclude, as did the Court of Appeals, that the evidence supports a constructive breaking theory, but our reasoning in support of that conclusion differs from the reasoning of the Court of Appeals. We therefore modify and affirm.

I.

On 9 February 1982 defendant and John Richardson visited Jerome Chavis at Chavis's house. Richardson, testifying for the state, indicated that during this visit, defendant went to the bathroom and told Richardson afterwards that he had opened the bathroom window. The two left, went to defendant's house, and entered an automobile driven by Erick Kea. They drove by Chavis's house and defendant told Kea to stop. Defendant produced keys, which he apparently had obtained while in Chavis's house, and tried unsuccessfully to open the trunk of Chavis's car. Kea made a similar effort and succeeded in opening the trunk. They removed two tool boxes from the car.

Defendant then attempted to open the door to Chavis's house. When he was unsuccessful, he remembered that he had opened the bathroom window. At defendant's direction, Richard-

son, with a boost from both defendant and Kea, crawled through the bathroom window and proceeded through the house to open the front door. Kea and defendant entered Chavis's house after Richardson opened the door. The three men searched the house, taking various items. During this episode, one of them dropped an item which awakened Chavis. At this point, defendant, Richardson, and Kea ran from Chavis's house.

Defendant was indicted for and convicted of first degree burglary, breaking or entering a motor vehicle, and larceny. He and Kea were tried jointly, but only defendant is a party to this appeal. Richardson pled guilty to a lesser offense and testified against defendant and Kea.

The Court of Appeals reversed defendant's convictions for breaking or entering a motor vehicle and larceny. It held that the trial court's failure to give acting in concert instructions with regard to these two charges was fatal, since the state's evidence failed to show that defendant personally broke or entered the motor vehicle or took and carried away any of Chavis's property. These holdings are not before us for review. With regard to the first degree burglary conviction, the majority of the Court of Appeals held that "defendant's act of procuring and using Richardson to open the door constituted a constructive breaking, obviating any need for instructions on acting in concert. . . ." Judge Johnson dissented on that issue, and defendant appeals this aspect of the decision. N.C. R. App. P. 16(b).

II.

Defendant's contention on appeal is that the evidence was insufficient to support his conviction for first degree burglary on the theory of a constructive breaking and the trial court erred in submitting this theory to the jury. Defendant argues defendant could be found guilty only on a theory of acting in concert which the trial court did not submit.

To establish defendant's guilt of first degree burglary, the state must prove, beyond a reasonable doubt, that defendant broke and entered an occupied dwelling or sleeping apartment with intent to commit a felony therein during the night. N.C. Gen. Stat. § 14-51. A "breaking" is an essential element of first degree burglary. *State v. Wilson,* 289 N.C. 531, 538, 223 S.E. 2d 311, 316

(1976). The trial court instructed the jury regarding a constructive breaking as follows:

> Now, I charge that for you to find the defendant, Eddie Lewis Smith, or the defendant, Erick George Kea, guilty of burglary in the first degree the State must prove seven things beyond a reasonable doubt, and that is as to each defendant.

> First, that there was a breaking by the defendant. Now, a breaking need not be actual. That is, the person breaking need not physically remove the barrier himself. Going through the front door of Mr. Chavis' home after it was opened by Tommy Richardson would be a constructive breaking, and such a constructive breaking is as sufficient as a breaking—is sufficient as a breaking for the purpose of this offense as any physical removal by the defendant of a barrier to entry.

The Court of Appeals found this instruction sufficient in its statement of the applicable law. *State v. Smith,* 65 N.C. App. at 773, 310 S.E. 2d at 117.

The law regarding constructive breakings was explicated by this Court more than 130 years ago.

> Constructive breaking, as distinguished from actual forcible breaking, may be classed under the following heads:

> 1. When entrance is obtained by threats, as if the felon threatens to set fire to the house unless the door is opened.

> 2. When, in consequence of violence commenced or threatened in order to obtain entrance, the owner, with a view more effectually to repel it, opens the door and sallies out, and the felon enters.

> 3. When entrance is obtained by procuring the servants or some inmate to remove the fastening.

> 4. When some process of law is fraudulently resorted to for the purpose of obtaining an entrance.

> 5. When some trick is resorted to to induce the owner to remove the fastening and open the door, and the felon enters;

as, if one knock at the door, under pretense of business, or counterfeits the voice of a friend, and, the door being opened, enters.

In all these cases, although there is no *actual breaking*, there is a breaking in law or by construction; 'for the law will not endure to have its justice defrauded by such evasions.' In all other cases, when no fraud or conspiracy is made use of or violence commenced or threatened *in order to obtain an entrance*, there must be an actual breach of some part of the house.

*State v. Henry*, 31 N.C. (9 Ire.) 463, 467-68 (1849). *Accord Wilson*, 289 N.C. at 539-40, 223 S.E. 2d at 316.

In applying this statement of the law to the facts here, the Court of Appeals determined that defendant constructively broke into the Chavis home by having Richardson enter the house through the open bathroom window and open the front door for defendant. The majority of the Court of Appeals felt that this action fell within the third type of constructive breaking outlined in *Henry*. In essence, that court concluded that Richardson was "some inmate" who removed the fastening to Chavis's front door. As Judge Johnson stated in his dissent, Richardson cannot be considered an "inmate" of the Chavis home within the ordinary meaning of the word. *Smith*, 65 N.C. App. at 775, 310 S.E. 2d at 118 (Johnson, J., dissenting). Although we disagree with the analysis employed by the majority below, we are convinced that the facts involved in this case are sufficient to establish a constructive breaking by defendant.

[1] In general, a constructive breaking is "[a] breaking made out by construction of law . . . [a]s where a burglar gains an entry into a house by threats, fraud, or conspiracy." Black's Law Dictionary 284 (5th ed. 1979). Contrary to defendant's contention, the list of five types of possible constructive breakings contained in *Henry* is not exhaustive but illustrative. The list provides merely a series of examples which illustrate certain general types of fact situations that might give rise to a constructive breaking, *i.e.*, a breaking in law. A constructive breaking in the law of burglary occurs, quite simply, "[w]hen an opening is made not by the defendant but by . . . some other person and, under the circum-

stances, the law regards the defendant as the author thereof. . . ." 3 C. Torcia ed. Wharton's Criminal Law § 330 at 200 (14th ed. 1980). *See* W. LaFave & A. Scott, Criminal Law 708-09 (1972). A constructive breaking occurs when a "confederate within the house opens the door to admit" defendant. R. Perkins, Criminal Law 195 (2d ed. 1969). The "confederate" or "other person" who actually creates the opening need not be an "inmate," or someone who regularly resides in the dwelling. It is enough if that person is acting at the direction, express or implied, of defendant, or is acting in concert with defendant, or both.

[2] Richardson testified that defendant told him that he had opened the bathroom window in Chavis's house. When the three men were unsuccessful in their efforts to use a key to open the front door to Chavis's house, defendant instructed Richardson to go through the open bathroom window and unlock the front door. Richardson accomplished this task, aided in part by a boost up to the window by defendant and Kea. These facts clearly disclose an opening made by a person other than defendant under defendant's direction. They support the trial court's instruction on constructive breaking.

Accordingly, we modify the reasoning of the Court of Appeals and affirm its conclusion that the evidence supports a finding of defendant's guilt on a theory of constructive breaking by "procuring and using Richardson to open the door . . . obviating the need for instructions on acting in concert. . . ." The decision of the Court of Appeals, affirming defendant's conviction of first degree burglary, is

Modified and affirmed.