STATE OF NORTH CAROLINA v. HOWARD WESLEY HELTON

No. 8512SC816

(Filed 4 March 1986)

1. **Burglary and Unlawful Breakings § 5— second degree burglary—failure to instruct on acting in concert or constructive breaking—necessity for breaking by defendant**

    Where the trial court in a second degree burglary case failed to instruct the jury with respect to acting in concert or constructive breaking, the State was required to prove that defendant personally committed each essential element of the offense of burglary, including an actual breaking. Therefore, the evidence was insufficient to sustain defendant's conviction of second degree burglary where it failed to show that defendant personally committed a breaking on any of the occasions when he accompanied two accomplices to the victim's residence and stole property therefrom.

2. **Burglary and Unlawful Breakings § 7.1— second degree burglary verdict unsupported by evidence—treatment as verdict of felonious breaking or entering**

    In finding defendant guilty of second degree burglary, the jury necessarily found defendant's guilt of all of the elements of the lesser-included offense of felonious breaking or entering, and where the evidence was insufficient under the court's instructions to support the burglary verdict but was sufficient to establish all of the elements of felonious breaking or entering, the verdict will be treated as a verdict of guilty of felonious breaking or entering.

APPEAL by defendant from *Farmer, Judge.* Judgment entered 19 March 1985 in CUMBERLAND County Superior Court. Heard in the Court of Appeals 11 December 1985.

Defendant was indicted for five counts of second degree burglary and five counts of felonious larceny. A jury found him guilty of four counts of second degree burglary and three counts of felonious larceny. The trial court consolidated the offenses and imposed an active fourteen year prison sentence. Defendant appeals.

*Attorney General Lacy H. Thornburg by Assistant Attorney General Walter M. Smith for the State.*

*Acting Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender David W. Dorey for defendant appellant.*

State v. Helton

MARTIN, Judge.

Defendant's contention on appeal is that the evidence was insufficient to support his convictions for second degree burglary under the instructions submitted to the jury by the trial court. He argues that the State failed to present evidence to show that he actually committed a breaking and that the trial court did not submit instructions with respect to his guilt under the theory of acting in concert. We find merit in defendant's argument.

Jean Stites' residence was located at 5441 Tempe Court in Fayetteville, next door to defendant's residence. During November and early December, 1983, Mrs. Stites was away from her home for an extended period. While Mrs. Stites was away, Lucia Centell periodically checked on her house. On 6 December 1983, Mrs. Centell discovered that a windowpane in the kitchen door had been broken and that the house had been ransacked. Numerous items, including two refrigerators, a washer and dryer, a heater and a color television, had been taken.

On the night of 24 November 1983, Eric Brooks, Vincent Havlick and defendant had been together, drinking and smoking marijuana, in a storage building behind defendant's house. Brooks and Havlick decided to spend the night in the storage building; defendant went into his house and went to sleep. At some point during the night, Brooks and Havlick went to the Stites house, where Havlick broke out a glass in the back door and entered the house. Unable to see in the darkness, Havlick went back to defendant's house and woke him. Defendant accompanied Havlick back to the Stites house where Brooks was waiting and the three of them entered the house. Defendant removed items from the house. On the three succeeding nights, Havlick and defendant went back to the Stites house, entering through the broken kitchen door. On each occasion, defendant removed other items from the house. Both Brooks and Havlick testified for the State. Aside from the first instance, when Havlick broke the glass and opened the kitchen door, there was no evidence as to who opened the door on the subsequent occasions when Havlick and defendant entered the house, or as to whether the door had even been closed between entries.

As to each of the counts charging burglary, the trial court instructed the jurors that they could find defendant guilty of sec-

ond degree burglary or not guilty; felonious breaking or entering was not submitted as a lesser included offense. The jurors were not instructed on the law of acting in concert or with respect to the law of constructive breaking. The only theory of defendant's guilt of second degree burglary submitted to the jury was that defendant actually committed every element of that offense on each occasion. The State's request for an instruction on the law of acting in concert was denied.

Second degree burglary is the breaking and entering of an unoccupied dwelling house during the nighttime with the intent to commit a felony therein. *State v. Simons*, 65 N.C. App. 164, 308 S.E. 2d 502 (1983). The breaking required for conviction of burglary may be actual or constructive. *State v. Jolly*, 297 N.C. 121, 254 S.E. 2d 1 (1979). A defendant commits a constructive breaking when the opening is made by a person other than the defendant, if that person is acting at the direction of, or in concert with, the defendant. *State v. Smith*, 311 N.C. 145, 316 S.E. 2d 75 (1984).

[1] The State argues that its evidence was sufficient to support the defendant's convictions of burglary upon the theories of constructive breaking and acting in concert. We agree. However, "a defendant may not be convicted of an offense on a theory of his guilt different from that presented to the jury." *State v. Smith*, 65 N.C. App. 770, 773, 310 S.E. 2d 115, 117, *modified and aff'd*, 311 N.C. 145, 316 S.E. 2d 75 (1984). Had the trial court instructed the jury with respect to the law of acting in concert or as to the law of constructive breaking, the defendant's conviction of burglary could be sustained upon the evidence showing that he and Havlick acted together on each occasion when they went to the Stites residence. Since the trial court failed to instruct with respect to those theories, the State was required to prove that defendant personally committed each essential element of the offense of burglary, including an actual breaking. *State v. Cox*, 303 N.C. 75, 277 S.E. 2d 376 (1981).

The evidence offered by the State fails to show that defendant personally committed a breaking on any of the occasions when he accompanied Havlick to the Stites residence. While it is possible that defendant himself may have opened the broken kitchen door on one or more of these occasions, the evidence was insufficient to take this possibility beyond the realm of conjecture or

suspicion and, therefore, insufficient to support a reasonable inference of defendant's commission of a breaking. His convictions for second degree burglary must be vacated.

[2] Defendant is not, however, entitled to a dismissal of the burglary charges, as he contends. Felonious breaking or entering is a lesser included offense of burglary. *State v. Jolly, supra.* For conviction of felonious breaking or entering, a violation of G.S. 14-54(a), it is not necessary that the State show both a breaking and an entering; proof of either is sufficient if committed with the requisite felonious intent. *State v. Myrick*, 306 N.C. 110, 291 S.E. 2d 577 (1982). In finding defendant guilty of second degree burglary, the jury necessarily had to find the defendant entered another's building, without her consent, and with the intent to commit the felony of larceny, elements sufficient to establish defendant's guilt of felonious breaking or entering. There is substantial evidence in the record to support a finding of each of these elements. Since there was insufficient evidence from which the jury could find that defendant committed an actual breaking under the court's instructions, the verdicts returned by the jury must be considered verdicts of guilty of felonious breaking or entering. *See State v. Jolly, supra.* Thus, we will not disturb the verdicts, but we vacate the judgments entered upon verdicts of guilty of second degree burglary and remand these cases to the Superior Court of Cumberland County for entry of judgment as upon verdicts of guilty of felonious breaking or entering.

We do not disturb the verdicts of guilty of felonious larceny. Larceny is a felony, without regard to the value of the property taken, when committed pursuant to a burglary or a breaking or entering. G.S. 14-72(b)(2). However, since the larceny counts were consolidated with the burglary counts for judgment, defendant must also be resentenced upon those convictions.

Judgment vacated. Remanded for entry of judgment as upon Verdicts of Guilty of Felonious Breaking or Entering and New Sentencing Hearing on all counts.

Judges EAGLES and COZORT concur.