STATE OF NORTH CAROLINA v. LATON SHARMALE CUNNINGHAM

No. COA99-1016

(Filed 17 October 2000)

**1. Appeal and Error— memorandum of additional authority— failure to comply with appellate rules**

The Court of Appeals struck the State's memorandum of additional authority ex mero motu based on a failure to follow N.C. R. App. P. 28(g), because: (1) two of the five cases cited are not additional authorities since they were cited in the State's original brief; (2) the only material that can be included is the citation to a new case and the section of the brief to which that case is relevant; and (3) parenthetical summaries or quotes from the cases are not permissible.

**2. Robbery— attempted armed—jury instruction—using terms "robbery" and "larceny" interchangeably**

The trial court did not err by using the terms "robbery" and "larceny" interchangeably while instructing the jury on the fourth element of attempted armed robbery with a dangerous weapon, because: (1) N.C.G.S. § 14-87(a) only refers to attempting to take personal property from another and does not even mention robbery or larceny; and (2) robbery and larceny both involve the deprivation of property, and that deprivation is the primary focus on the fourth element.

**3. Robbery— attempted armed—no merger with burglary conviction**

Although defendant contends his conviction for attempted armed robbery must be arrested since it allegedly merged with his burglary conviction when robbery was submitted as the intended felony for purposes of burglary, the conviction is upheld because: (1) the attempted robbery offense was not committed until defendant took some further action apart from the alleged

STATE v. CUNNINGHAM

[140 N.C. App. 315 (2000)]

burglary; and (2) the crimes did not merge since they were separate offenses.

**4. Burglary and Unlawful Breaking or Entering— first-degree burglary—breaking—sufficiency of evidence**

The trial court erred by denying defendant's motion to dismiss the charge of first-degree burglary based on insufficient evidence of a breaking, because: (1) defendant was one of several individuals involved in the alleged burglary, warranting a jury instruction on constructive breaking or acting in concert; (2) the trial court did not instruct the jury as to acting in concert but only on a theory of actual breaking; (3) defendant's confession did not include an admission that he broke down or otherwise opened any of the exterior or interior doors; and (4) a witness's testimony used to establish that defendant committed a breaking was based on the theory of a constructive breaking, and a defendant may not be convicted of burglary under a constructive breaking theory unless that instruction is given.

**5. Homicide— felony murder—underlying felony vacated— new trial**

Defendant must receive a new trial for the offense of felony murder with the limitation that only felonious breaking or entering may serve as the underlying felony on retrial, because the underlying felony of burglary was vacated and the underlying felony of the lesser-included offense of felonious breaking or entering was never submitted to the jury for consideration.

**6. Homicide— felony murder—instructions on lesser-included offenses not required**

The trial court was not required to submit second-degree murder or involuntary manslaughter for the jury's consideration when the evidence reveals that the victim was killed during the perpetration of a felony.

Appeal by defendant from judgments entered 7 April 1997 and 10 April 1997 by Judge Julius A. Rousseau, Jr. in Cabarrus County Superior Court. Heard in the Court of Appeals 16 August 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Daniel P. O'Brien, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Daniel R. Pollitt, for defendant-appellant.*

STATE v. CUNNINGHAM

[140 N.C. App. 315 (2000)]

LEWIS, Judge.

Defendant was tried at the 31 March 1997 Session of Cabarrus County Superior Court on one count of first-degree murder of Loudeal Isom, one count of first-degree burglary, and one count of attempted armed robbery with a dangerous weapon. The State submitted two theories of first-degree murder to the jury: (1) premeditation and deliberation and (2) felony murder, with burglary as the underlying felony. (The State did not try to use the attempted robbery charge as an alternative underlying felony.) On 3 April 1997, the jury returned a verdict finding defendant guilty of first-degree murder under the felony murder rule, not guilty of first-degree murder based upon premeditation and deliberation, guilty of first-degree burglary, and guilty of attempted armed robbery with a dangerous weapon. Judgment was arrested on the burglary charge, and defendant was thereafter sentenced to life imprisonment plus a term of 77 to 102 months, to be served consecutively. Defendant appeals all three convictions.

[1] At the outset, we note that the State submitted a Memorandum of Additional Authority to this Court on 14 August 2000. We strike this memorandum *ex mero motu*, as it does not comply with our appellate rules of procedure. Rule 28(g) of the Appellate Rules states:

> *Additional* authorities discovered by a party after filing his brief may be brought to the attention of the court by filing a memorandum thereof with the clerk of the court and serving copies upon all other parties. The memorandum may not be used as a reply brief or for additional argument, *but shall simply state the issue to which the additional authority applies and provide a full citation of the authority.*

N.C.R. App. P. 28(g) (emphasis added). In its memorandum, the State has cited five cases. Of these, two are not even additional authorities, as they were cited in the State's original brief to this Court. Furthermore, after each citation, the State has included a lengthy parenthetical summary of the case's relevance on a particular issue. Indeed, after one citation, the State even included a lengthy quote from that case. The Appellate Rules are quite clear: the *only* material that can be included within a memorandum of additional authority is the citation to a *new* case (i.e., one not previously cited) and the section of its brief to which that case is relevant. Parenthetical summaries of, or quotes from, the cases are not permissible, as they tend to constitute arguments or rebuttals, which should be done in briefs

and oral arguments. Because the State has violated Rule 28(g), we strike its memorandum and will not consider it.

### I.  Defendant's Attempted Armed Robbery Conviction

[2] We begin with a consideration of defendant's conviction for attempted armed robbery with a dangerous weapon. Defendant alleges error in the court's jury instructions as to the fourth element of that offense, namely "that the defendant's use of the firearm was calculated and designed to bring about the robbery, and came so close to bringing it about that, in the ordinary and likely course of things, the robbery would have been completed had it not been stopped or thwarted." N.C.P.I., Crim. 217.25. The first time the trial judge instructed the jury, he basically quoted the above pattern jury instruction. The second time, the trial judge added the words "or larceny" after the term "robbery" such that his charge then read:

> I charge that if you find from the evidence beyond a reasonable doubt . . . that this was an act designed to bring about the robbery *or the larceny*, and which, in the ordinary course of things, would have resulted in the robbery *or larceny* had it not been stopped by reason of her being shot, . . . it would be your duty to return a verdict of guilty as charged to attempted armed robbery.

(3 Tr. at 82-83) (emphasis added). The trial judge then instructed the jury a third time by way of a handwritten summary of the elements. In this handwritten instruction, the trial judge instructed the jury largely as he had the first time, omitting any reference to larceny. Defendant claims the trial court's second instruction was error because it allowed defendant to be convicted of attempted robbery based upon a jury finding of only attempted larceny. We disagree.

Our courts have previously pointed out the special relationship between robbery and larceny. In particular, both offenses involve an unlawful taking of another's personal property. *State v. White*, 322 N.C. 506, 516, 369 S.E.2d 813, 818 (1988). In fact, the armed robbery statute involved here, section 14-87, does not even mention "robbery" or "larceny"; it only refers to "attempt[ing] to take personal property from another." N.C. Gen. Stat. § 14-87(a) (1999). Thus, the focus of the fourth element of attempted armed robbery is not on whether defendant's overt act was designed to carry out a robbery or a larceny specifically, but whether it was designed to deprive a person of his or her property in general. *Cf. State v. Irwin*, 304 N.C. 93, 99, 282 S.E.2d 439, 444 (1981) ("An attempted robbery occurs when a person with the requisite intent does some overt act *calculated to unlawfully deprive*

*another of personal property* by endangering or threatening his life with a firearm.") (emphasis added). Because robbery and larceny both involve the deprivation of property and that deprivation is the primary focus of the fourth element of attempted armed robbery, the trial judge did not err by using the terms "robbery" and "larceny" interchangeably.

**[3]** Defendant also contends that judgment on his attempted armed robbery conviction must be arrested because it merged with his felony murder conviction pursuant to *State v. Rinck*, 303 N.C. 551, 280 S.E.2d 912 (1981). In *Rinck*, the defendant was prosecuted for felony murder with the underlying felony being burglary. *Id.* at 566, 280 S.E.2d at 923. Furthermore, robbery was submitted as the intended felony for purposes of the burglary offense. *Id.* at 567, 280 S.E.2d at 924. The jury was thus instructed on felony murder, burglary, and robbery. *Id.* The defendant, however, claimed the jury should have been instructed on certain lesser-included offenses as well. *Id.* at 566, 280 S.E.2d at 923. Our Supreme Court disagreed, reasoning as follows:

> [T]he instructions on both burglary and armed robbery were submitted to the jury as part of the murder charge. Under such circumstances, *the underlying felonies became part of the first-degree murder charge, prohibiting a further prosecution of the defendant for the underlying felonies. Defendant McMurry could not have been lawfully convicted of robbery upon his indictment for first-degree murder.* The court was therefore not required to instruct the jury as to the lesser included offenses of robbery.

*Id.* at 567, 280 S.E.2d at 924 (emphasis added) (citation omitted). Defendant maintains that the above language controls in this case. Specifically, because robbery was also submitted here as the intended felony for purposes of burglary, according to defendant, his conviction for attempted robbery must necessarily merge with his felony murder conviction. We conclude that his reliance upon *Rinck* is misplaced.

First and foremost, the issue before the *Rinck* Court involved instructing on lesser-included offenses, not the merger doctrine. Furthermore, the defendant in *Rinck* was not even indicted for any offenses other than felony murder. Accordingly, any statement from *Rinck* with respect to the merging of separate offenses amounts to pure *dicta*.

In reality, defendant has mischaracterized the issue. He speaks of the attempted robbery offense merging into the felony murder conviction. Technically this is not correct; it is the underlying *substantive felony* (i.e., burglary) that merges into felony murder because that felony becomes "[i]n this sense" a lesser-included offense of felony murder. *State v. Thompson*, 280 N.C. 202, 215-16, 185 S.E.2d 666, 675 (1972). Defendant's argument more properly deals with whether the *intended felony* merges with the *substantive felony*. Stated more precisely, the issue here is whether defendant's armed robbery conviction merges with his burglary conviction because robbery was submitted as the intended felony for purposes of burglary.

In *State v. Brady*, 299 N.C. 547, 264 S.E.2d 66 (1980), the defendant was convicted both of burglary with the intent to commit rape and of rape. Our Supreme Court upheld the convictions for both, reasoning:

> The offense of burglary is completed by the breaking and entering of the occupied dwelling of another, in the nighttime, with the intent to commit the designated felony therein. The crime has been committed even though, after entering the house, the accused abandons his intent to commit the designated felony. Consequently, the felonious intent required as an element of burglary cannot be equated with the commission of the underlying felony. If a burglar after breaking and entering proceeds to commit the underlying felony inside the dwelling, he can be convicted of both crimes.

*Id.* at 564, 264 S.E.2d at 75 (citations omitted); *see also* State v. Dammons, 293 N.C. 263, 275-76, 237 S.E.2d 834, 842-43 (1977) (upholding convictions for both kidnapping with intent to assault and felonious assault). Thus, the attempted robbery offense here was not committed until defendant took some further action apart from the alleged burglary. Because the crimes of attempted armed robbery and burglary were thus separate offenses, the former did not merge into the latter. We therefore uphold defendant's conviction for attempted armed robbery.

## II. Defendant's Burglary Conviction

[4] Next we consider defendant's conviction for first-degree burglary. Defendant argues that there was insufficient evidence as to this charge. "In ruling upon defendant['s] motion to dismiss on the

grounds of insufficient evidence, the trial court is required to interpret the evidence in the light most favorable to the State, drawing all inferences in the State's favor." *State v. Cox*, 303 N.C. 75, 87, 277 S.E.2d 376, 384 (1981). To withstand this motion, the State must have presented substantial evidence of defendant's guilt as to each element of the offense charged. *Id.* The elements of first-degree burglary are five-fold: (1) breaking and entering (2) at night (3) into the dwelling of another (4) that is occupied at that time (5) with the intent to commit a felony therein. *State v. Simpson*, 303 N.C. 439, 449, 279 S.E.2d 542, 548 (1981). We conclude there was insufficient evidence of a breaking here and therefore vacate his conviction with respect to first-degree burglary.

A breaking is defined as any act of force, however slight, " 'employed to effect an entrance through any usual or unusual place of ingress, whether open, partly open, or closed.' " *State v. Wilson*, 289 N.C. 531, 539, 223 S.E.2d 311, 316 (1976) (quoting 13 Am. Jur. 2d *Burglary* § 8 (1964)). The place of ingress may be an exterior door or an interior door. *State v. Freeman*, 313 N.C. 539, 549, 330 S.E.2d 465, 474 (1985). Generally speaking, the breaking may be actual or constructive. *State v. Helton*, 79 N.C. App. 566, 568, 339 S.E.2d 814, 816 (1986). A constructive breaking is defined as one in which "the opening is made by a person other than the defendant, if that person is acting at the direction of, or in concert with, the defendant." *Id.* Here, the evidence showed that defendant was one of several individuals involved in the alleged burglary, thereby warranting a jury instruction on constructive breaking or acting in concert. *See State v. Mitchell*, 24 N.C. App. 484, 486, 211 S.E.2d 645, 647 (1975) ("If the defendant is present with another and with a common purpose does some act which forms part of the offense charged, the judge must explain and apply the law of 'acting in concert.' ")

However, here, the trial judge did not instruct the jury as to acting in concert; he only instructed them under a theory of actual breaking. When no such instruction is submitted to the jury, a defendant may not be convicted under a theory of constructive breaking. *Helton*, 79 N.C. App. at 568, 339 S.E.2d at 816. Instead, the State is required to prove that the defendant personally committed the breaking. *Id.*; *see also State v. McCoy*, 79 N.C. App. 273, 274, 339 S.E.2d 419, 420 (1986) ("The court failed to instruct on acting in concert. Accordingly, defendant's conviction may be upheld only if the evidence supports a finding that he personally committed each element of the offense."). Even so, the State still contends that the evidence,

when viewed in the light most favorable to the State, was sufficient to show defendant personally broke into one of the exterior or interior doors of the house. We disagree.

The only evidence with regard to the alleged burglary came from two sources: (1) defendant's own confession, as read into evidence by Officer Vann Shaw, Jr., and (2) the testimony of Sherry Atwell, the owner of the house and daughter of the victim in this case. Defendant's confession read as follows:

> We walked up behind the house beside the graveyard and came up behind the house. We stood at the door and somebody turned the doorknob, but I don't remember who it was. Lawrence kicked the door twice, and it opened up. Everybody went in and I was the third or fourth one in the house. . . .
>
> I stood at the back of the house with the shotgun. I saw the bed was broke. I heard the door knob turn on the bathroom door. I didn't know who was in there or if they had a gun. I don't remember anybody saying anything. I was saying, "Get down. Get down." I was motioning with the gun when I was saying this. The second time I said that, the gun went off. That's when I heard the gun go off. That's when I saw the lady fall to the floor.
>
> Lawrence was standing beside me, next to the back door. Lawrence had opened the closet door and was looking for the safe.

(1 Tr. at 163.) This confession nowhere includes an admission by defendant that he broke down or otherwise opened any of the exterior or interior doors. Nonetheless, the State argues, because defendant was the individual carrying the shotgun, this confession establishes that defendant was the "strong man" of the operation. As such, the State contends the jury could have reasonably concluded that he was the one who broke down the outside door, notwithstanding the fact that his confession stated otherwise. We reject this argument. The State's theory asks us to adopt portions of defendant's confession but reject other parts and substitute inferences. We cannot do this in the absence of any evidence tending to support the inference that defendant was the one who knocked down the door.

The State also maintains that the testimony of Sherry Atwell established defendant committed a breaking. Ms. Atwell testified that she was hiding in her bedroom at the time of the alleged burglary but still heard the events transpire. Specifically, Ms. Atwell testified:

STATE v. CUNNINGHAM

[140 N.C. App. 315 (2000)]

Q: And then what happened, ma'am?

A: I heard in my mother's room I heard them say, I just heard one voice, he said, "Open the door. Where's the safe?"

Q: And you heard that voice earlier in this series of events?

A: Yes.

Q: And what had you heard that same voice say earlier?

A: "Where's the safe?"

Q: So it was the same voice both times?

A: Yes.

. . . .

Q: And then you heard that person say what about the door?

A: "Open the door. Where's the safe?" Then I heard a sound. Sounded like a shot.

Q: . . . What was the time period between that, "Open the door. Where's the safe?" and when you heard the shot? What was the time span, if you know?

A: A couple of minutes.

. . . .

Q: What was it you heard right before your mother was shot?

A: "No."

(1 Tr. at 55-58.) The State offers the following theory to suggest this testimony establishes that defendant committed a breaking: The individual who said "Open the door. Where's the safe?" was speaking to the victim, Ms. Isom, at the time. By commanding her to open the door (presumably the closet door, behind which the safe was thought to be), that individual committed a constructive breaking. The State then contends that defendant was the one who issued that command, because the gunshot came shortly after this command and defendant had the shotgun.

This theory fails for two reasons. First, it makes several unwarranted, or at best, tenuous, assumptions. For instance, it automatically assumes that the words "Open the door. Where's the safe?" were being uttered to Ms. Isom and not to one of defendant's cohorts. It

also assumes that the person issuing the command was necessarily the same person who shot Ms. Isom, a weak assumption considering "[a] couple of minutes" elapsed between the time of the command and the gunshot. Second, and more important, the State's theory fails because it is a theory of constructive breaking, not actual breaking, because it requires the assumption that defendant forced *Ms. Isom* to open the closet door. As stated earlier, a defendant may not be convicted of burglary under a constructive breaking theory unless an instruction to that effect is given, and no such instruction was given here.

We therefore conclude that the State presented insufficient evidence of an actual breaking to withstand defendant's motion to dismiss. *See also Helton,* 79 N.C. at 567, 339 S.E.2d at 815 (dismissing burglary charge where evidence showed defendant's cohort broke down the door, defendant and his cohort went back and forth through the broken door, but "there was no evidence as to who opened the door on the subsequent occasions . . ., or as to whether the door had even been closed between entries"); *McCoy,* 79 N.C. App. at 275, 339 S.E.2d at 421 (dismissing burglary charge where evidence showed window screen had been removed but there was no specific evidence establishing that defendant, as opposed to his cohort, had been the one to remove it). Defendant's first-degree burglary conviction is hereby vacated. In light of our disposition, we need not address defendant's remaining arguments on appeal relative to the burglary conviction.

### III. Defendant's Felony Murder Conviction

[5] Next, we must address the affect of this disposition on defendant's felony murder conviction, since the now-vacated burglary charge served as the only underlying felony for purposes of his felony murder charge. Our research has disclosed no cases in North Carolina or elsewhere involving this precise issue. The State argues the felony murder conviction should be upheld because a lesser-included felony of burglary can be substituted to meet the predicate felony requirement. Defendant, on the other hand, contends the conviction must be vacated, because there was insufficient evidence of one of the elements, namely the predicate felony. We find both positions unpersuasive.

When there is insufficient evidence of an actual breaking for purposes of burglary, a jury's conviction for burglary can automatically be reduced to one for the lesser-included offense of felonious break-

ing or entering, which only requires proof of a breaking *or* an enter-
ing, not both. *See, e.g., Helton*, 79 N.C. App. at 569, 339 S.E.2d at 816
("Since there was insufficient evidence from which the jury could
find that defendant committed an actual breaking under the court's
instructions, the verdicts returned by the jury must be considered
verdicts of guilty of felonious breaking or entering.") Furthermore,
felonious breaking or entering can serve as an underlying felony for
purposes of felony murder, so long as it was done with the use of a
deadly weapon. N.C. Gen. Stat. § 14-17 (1999). Because the jury, in
essence, did find defendant guilty of felonious breaking or entering,
and because, in finding defendant guilty of attempted armed rob-
bery with a dangerous weapon, the jury necessarily concluded that
defendant was using a deadly weapon, the State contends felonious
breaking or entering can substitute for burglary as the predicate
felony, thereby preserving defendant's conviction for felony murder.
We disagree.

"The Due Process Clause of the United States Constitution
requires that the sufficiency of the evidence to support a conviction
be reviewed *with respect to the theory of guilt upon which the jury
was instructed." State v. Wilson*, 345 N.C. 119, 123, 478 S.E.2d 507,
511 (1996) (emphasis added) (citing *Presnell v. Georgia*, 439 U.S. 14,
16, 58 L. Ed. 2d 207, 211 (1978)). By adopting the State's argument, we
would be upholding defendant's conviction for felony murder on a
theory never submitted to the jury. The fact that this theory is a lesser-
included offense of the theory that was submitted to the jury in no
way entitles us to circumvent the Due Process Clause. We cannot
uphold defendant's conviction for felony murder when the underlying
felony now relied upon by the State was never submitted to the jury
for consideration.

Defendant's position is equally unavailing. He argues the felony
murder conviction must be vacated altogether because there was
insufficient evidence of the underlying felony of burglary. However,
there was sufficient evidence of a lesser-included felony. Had the trial
judge dismissed the burglary offense at the conclusion of the State's
case, the State would have then been able to submit to the jury the
lesser-included offense of felonious breaking or entering as the pred-
icate felony for felony murder. Because the trial court erroneously
refused to dismiss the burglary charges, the State never had that
opportunity.

Accordingly, we believe justice requires that defendant receive a
new trial as to the offense of felony murder, with the limitation that

*only* felonious breaking or entering may serve as the underlying felony on re-trial, since we have found no error in the attempted robbery conviction. Upholding defendant's conviction here would force us to play fast and loose with the Due Process Clause. Instead, granting a new trial places the State and defendant in the place in which they would have been had the trial judge properly dismissed the burglary charge.

[6] Although we have granted defendant a new trial as to the charge of felony murder, we address one additional argument by defendant that may come up on re-trial. Defendant contends the trial court should have submitted either second-degree murder or involuntary manslaughter, or both, for the jury's consideration. "[W]here the law and the evidence justify the use of the felony murder rule, the State is not required to prove premeditation and deliberation, and neither is the court required to submit the offenses of second-degree murder or manslaughter unless there is evidence to support it." *Rinck*, 303 N.C. at 565, 280 S.E.2d at 923. Here, all the evidence showed that Ms. Isom was killed during the perpetration of a felony, namely felonious breaking or entering. Even if defendant did not intend to kill Ms. Isom, or the gun went off accidentally (as defendant claims), this is irrelevant for purposes of felony murder. *Thompson*, 280 N.C. at 213, 185 S.E.2d at 673. Accordingly, the trial court was not required to submit second-degree murder or involuntary manslaughter for the jury's consideration. *See also State v. Quick*, 329 N.C. 1, 28-29, 405 S.E.2d 179, 195-96 (1991) (holding that the trial judge was not required to instruct on second-degree murder because all the evidence showed the killing happened during the commission of a robbery); *State v. Covington*, 290 N.C. 313, 226, 346 S.E.2d 629, 651 (1976) (holding that the trial judge was not required to submit lesser-included offenses for the jury's consideration when all the evidence reflected the killing occurred during the perpetration of an armed robbery).

We uphold defendant's conviction of attempted armed robbery with a dangerous weapon, but vacate his conviction of first-degree burglary. As to the offense of felony murder, we grant defendant a new trial, but limit the State solely to the use of felonious breaking or entering as the predicate felony for that offense. Although, as pointed out earlier, we could also remand for entry of judgment as to felonious breaking or entering, we expressly decline to do so here so that the State will not be barred by Double Jeopardy principles from employing that theory on re-trial. *See generally State v. Williams*, 295 N.C. 655, 659, 249 S.E.2d 709, 713 (1978) ("[W]hen a criminal offense

in its entirety is an essential element of another offense a defendant may not be punished for both offenses . . . .").

No error in part, vacated in part, and new trial in part.

Judges WALKER and HUNTER concur.