STATE OF NORTH CAROLINA v. JAMES PRENTICE ROBERTS, Defendant

No. COA05-288

(Filed 21 February 2006)

**1. Sexual Offenses— first-degree—failure to instruct on acting in concert or aiding and abetting—failure to show defendant personally employed or displayed dangerous or deadly weapon**

The trial court erred by concluding that the evidence was sufficient to permit a reasonable juror to find beyond a reasonable doubt that defendant committed first-degree sexual offense, and the case is remanded for entry of judgment against defendant for second-degree sexual offense, because: (1) the jury was instructed it could find defendant guilty of first-degree sexual offense only if he employed or displayed a dangerous or deadly weapon; (2) without an instruction on acting in concert or the theory of aiding and abetting, the evidence must support a finding that defendant personally employed or displayed a dangerous or deadly weapon in the commission of the sexual offense; (3) there was no evidence at trial that defendant ever, personally, employed or displayed a dangerous weapon during the time he was in the victim's apartment; (4) all the testimony at trial established that another man held the shotgun throughout the incident; and (5) the jury's verdict is recognized as a verdict of guilty of second-degree sexual offense.

**2. Kidnapping— second-degree—sufficiency of evidence**

The trial court did not err by concluding that the evidence was sufficient to permit a reasonable juror to find beyond a reasonable doubt that defendant committed two counts of second-degree kidnapping, because although the trial court failed to give an instruction permitting the jury to rest a verdict of guilt on either acting in concert or aiding and abetting, the evidence at trial was sufficient to establish that: (1) the removal of one of the victims to the bathroom and the binding of his hands were not acts necessarily inherent in the commission of the other felonies of robbery, sexual offense, and burglary; and (2) after defendant sexually assaulted another victim, her hands were bound and she was left tied up.

**3. Conspiracy— first-degree burglary—robbery with danger-
ous weapon—separate conspiracies**

   The trial court did not err by concluding that the evidence
was sufficient to permit a reasonable juror to find beyond a rea-
sonable doubt that defendant committed two separate conspira-
cies to commit first-degree burglary and robbery with a danger-
ous weapon, because: (1) the State presented evidence showing
the first conspiracy was formed on the evening of 15 December
2002 when defendant agreed with two others to rob someone, and
there was no evidence that this agreement consisted of more than
that of robbing someone on that night; and (2) the mere fact that
defendant was involved in a similar crime the next night does not
indicate the two crimes were committed as part of the agreement
made on 15 December 2002.

   Appeal by defendant from judgments dated 4 May 2004 by Judge
Knox V. Jenkins in Cumberland County Superior Court. Heard in the
Court of Appeals 19 October 2005.

   *Attorney General Roy Cooper, by Assistant Attorney General
David L. Elliott, for the State.*

   *Glover & Petersen, P.A., by Ann B. Petersen, for defendant-
appellant.*

   BRYANT, Judge.

   James Prentice Roberts (defendant), appeals a judgment dated 4
May 2004, entered consistent with jury verdicts finding him guilty of:
two counts of first degree burglary; two counts of robbery with a
firearm; two counts of conspiracy to commit the offenses of first
degree burglary and robbery with a dangerous weapon; one count of
first degree sexual offense; and two counts of second degree kidnap-
ping.[1] For the reasons below, we vacate defendant's conviction on
first degree sexual offense, remanding to the trial court for an entry
of judgment against defendant on second degree sexual offense, and
find no error regarding defendant's other convictions.

*Facts*

   The State's evidence tended to show that on 15 December 2002,
defendant was involved in the robbery and burglary of Jesus and

---

1. The trial court arrested judgment on a jury verdict of first degree kidnapping
as to Alison Kilbourn and entered judgment for second degree kidnapping.

Erika Vega-Mendoza at their apartment. That evening, defendant and two other men discussed robbing someone and they drove to the Morganton Place apartment complex in Fayetteville, North Carolina. It was agreed defendant would stay in the car to act as a lookout and blow the horn if he saw anything suspicious while the other two men broke into an apartment. At approximately 11:00 p.m., Erika responded to a knock at the door to their apartment and was met by a man requesting to use the telephone. Another man was standing outside the doorway with a mask drawn over his face. Both men pushed their way into the apartment and the masked man pulled out a shotgun. Erika and Jesus were tied up and Erika was forced to remove her clothes and perform fellatio on the masked man. Both men gathered items of value from the apartment and then left the room.

The State further presented evidence that defendant took an active part in another burglary/robbery on the night of 16 December 2002. That night, Richard Waddell was approaching the apartment of his girlfriend, Alison Kilbourn when three African-American men came up to him and asked if they could use his telephone. Waddell entered Kilbourn's apartment and returned outside with a cordless phone for the men to use. The men returned the phone to Waddell after attempting to make a call and as Waddell went back into Kilbourn's apartment, the men forced their way through the door. One of the men pulled a mask down over his face and pulled out a shotgun. Kilbourn was led to her bedroom by a man she identified as defendant. Kilbourn testified defendant made her undress and forced her to perform fellatio upon him. The men tied up both Waddell and Kilbourn and Waddell was taken into the bathroom and placed into the bathtub. The men then left, removing several items of value from the apartment, including Waddell's wallet.

*Procedural History*

On 19 May 2003, the Cumberland County Grand Jury returned three indictments charging defendant with various crimes. The first (02 CRS 67387) and second (02 CRS 67388) indictments charged defendant with offenses committed against Alison Kilbourn and Richard Waddell on 16 December 2002: first degree burglary of Kilbourn's apartment; robbery with a firearm; first degree sexual offense against Kilbourn; first degree kidnapping of Kilbourn; second degree kidnapping of Waddell; and conspiracy to commit the offenses of first degree burglary and robbery with a firearm. The third indictment (02 CRS 67389) charged defendant with offenses committed

against Jesus and Erika Vega-Mendoza on 15 December 2002: first degree burglary of their apartment; robbery with a firearm; assaulting Jesus with a deadly weapon inflicting serious injury; and conspiracy to commit the offenses of first degree burglary and robbery with a dangerous weapon.

The case came on for trial at the 26 April 2004 Criminal Term of the Cumberland County Superior Court, the Honorable Knox V. Jenkins, presiding. Prior to trial, an order was entered granting the State's motion to join the charges in the three indictments for trial. On 4 May 2004, the jury returned verdicts finding defendant not guilty of the charge of assaulting Jesus with a deadly weapon inflicting serious injury and guilty of all of the remaining offenses charged in the three indictments. The trial court arrested judgment on the verdict of guilty of first degree kidnapping of Kilbourn, and entered judgment for second degree kidnapping. Defendant appeals.

---

Defendant raises the issues of whether the evidence was sufficient to permit a reasonable juror to find beyond a reasonable doubt that defendant: (I) committed first degree sexual offense; (II) committed two counts of kidnapping; and (III) committed two counts of conspiracy.

> In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve. The test for sufficiency of the evidence is the same whether the evidence is direct or circumstantial or both. Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence. If the evidence presented is circumstantial, the court must consider whether a reasonable inference of defendant's guilt may be drawn from the circumstances. Once the court decides that a reasonable inference of defendant's guilt may be drawn from the circumstances, then it is for the jury to decide whether the facts, taken singly or in combination, satisfy [it] beyond a reasonable doubt that the defendant is actually guilty.

*State v. Scott,* 356 N.C. 591, 596, 573 S.E.2d 866, 869 (2002) (internal citations and quotations omitted). The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires

that the sufficiency of the evidence to support a conviction be reviewed with respect to the theory of guilt upon which the jury was instructed. *Presnell v. Georgia*, 439 U.S. 14, 16, 58 L. Ed. 2d 207, 211 (1978).

*I*

**[1]** Defendant first argues there was insufficient evidence to support the jury's guilty verdict on first degree sexual offense. Section 14-27.4 of the North Carolina General Statutes states that a person is guilty of first degree sexual offense if the person engages in a sexual act:

> (2) With another person by force and against the will of the other person, and:
>
>> a. Employs or displays a dangerous or deadly weapon or an article which the other person reasonably believes to be a dangerous or deadly weapon; or
>>
>> b. Inflicts serious personal injury upon the victim or another person; or
>>
>> c. The person commits the offense aided and abetted by one or more other persons.

N.C. Gen. Stat. § 14-27.4(a)(2) (2005). In its charge to the jury, the trial court instructed that the jury may find defendant guilty of first degree sexual offense:

> [I]f you find from the evidence beyond a reasonable doubt that on or about the alleged date, the defendant engaged in a sexual act with the victim, and that he did so by force or threat of force, and that this was sufficient to overcome any resistance which the victim might make, and that the victim did not consent and it was against her will, and that the defendant employed or displayed a weapon, it would be your duty to return a verdict of guilty of first degree sexual offense.

The trial court then instructed the jury on the three elements of the lesser included offense of second degree sexual offense pursuant to N.C. Gen. Stat. § 14-27.5.

However, the trial court did not instruct the jury that they may find defendant guilty of first degree sexual offense under either the theory of acting in concert or aiding and abetting. In the absence of an instruction permitting the jury to convict defendant on any theory of vicarious liability, the State was required to prove defendant per-

sonally committed each element of first degree sexual offense. *State v. Wilson*, 345 N.C. 119, 123, 478 S.E.2d 507, 510-11 (1996) ("[I]n the absence of an acting in concert instruction, the State must prove that the defendant committed each element of the offense. Thus, even where the evidence is sufficient to support a conviction . . . on a theory of . . . acting in concert, the conviction cannot be upheld absent a jury charge to that effect."); *State v. Cunningham*, 140 N.C. App. 315, 321, 536 S.E.2d 341, 346 (2000) ("When no such instruction is submitted to the jury, a defendant may not be convicted under a theory of constructive breaking. Instead, the State is required to prove that the defendant personally committed the breaking.").

The jury was instructed it could find defendant guilty of first degree sexual offense only if he employed or displayed a dangerous or deadly weapon. Without an instruction on acting in concert or the theory of aiding and abetting, the evidence must support a finding that defendant personally employed or displayed a dangerous or deadly weapon in the commission of the sexual offense. There was no evidence at trial that defendant ever, personally, employed or displayed a dangerous weapon during the time he was in Kilbourn's apartment. All the testimony at trial established another man held the shotgun throughout the incident. The evidence is insufficient to permit a reasonable jury to convict defendant of first degree sexual offense.

However, when viewed in the light most favorable to the State, the evidence was sufficient to prove defendant committed the lesser included offense of second degree sexual offense. Kilbourn identified defendant as the man who forced her to perform fellatio.

> Because in finding defendant . . . guilty of a first degree sexual offense the jury necessarily found as fact all the elements constituting second degree sexual offense, and the evidence is insufficient on the element which would make it a first degree offense, the verdict of guilty of a first degree sexual offense must necessarily be viewed by this Court as a verdict of guilty of a second degree sexual offense.

*State v. Barnette*, 304 N.C. 447, 469, 284 S.E.2d 298, 311 (1981). We therefore recognize the jury's verdict as a verdict of guilty of second degree sexual offense, vacate the judgment imposed upon the verdict of first degree sexual offense and remand to the lower court to impose a judgment upon a verdict of second degree sexual offense.

*II*

[2] Defendant next argues the evidence was insufficient to permit a reasonable juror to find beyond a reasonable doubt that defendant committed the crimes of second degree kidnapping of Kilbourn and second degree kidnapping of Waddell. Section 14-39 of the North Carolina General Statutes defines second degree kidnapping as follows:

(a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person, or any other person under the age of 16 years without the consent of a parent or legal custodian of such person, shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:

(1) Holding such other person for a ransom or as a hostage or using such other person as a shield; or

(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or

(3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person; or

(4) Holding such other person in involuntary servitude in violation of G.S. 14-43.2.

(b) . . . If the person kidnapped was released in a safe place by the defendant and had not been seriously injured or sexually assaulted, the offense is kidnapping in the second degree . . . .

N.C. Gen. Stat. § 14-39 (2005). The restraint involved in the offense of kidnapping must not be the restraint that is an inherent, inevitable element of another felony such as armed robbery or rape. *State v. Fulcher*, 294 N.C. 503, 523, 243 S.E.2d 338, 351 (1978). Similarly, the removal element of kidnapping must be an asportation that is not an inherent part of the commission of another felony such as armed robbery. *State v. Irwin*, 304 N.C. 93, 102-03, 282 S.E.2d 439, 446 (1981). However, "[a]sportation of a rape victim is sufficient to support a charge of kidnapping if the defendant could have perpetrated the offense when he first threatened the victim, and instead, took the victim to a more secluded area to prevent others from witnessing or hindering the rape." *State v. Walker*, 84 N.C. App. 540, 543, 353 S.E.2d 245, 247 (1987).

In the instant case, the jury was instructed that they may find defendant guilty of the kidnappings of Kilbourn and Waddell if they found defendant unlawfully confined, restrained or removed them from one place to another without their consent for the purpose of facilitating the commission of the felonies of burglary, robbery with a firearm and first degree sexual offense. However, as in Issue *I, supra,* the trial court failed to give an instruction permitting the jury to rest a verdict of guilt on either acting in concert or aiding and abetting.

Nevertheless, evidence at trial was sufficient to establish that the removal of Waddell to the bathroom and the binding of his hands were not acts necessarily inherent in the commission of the other felonies of robbery, sexual offense and burglary. Similarly, after defendant sexually assaulted Kilbourn, her hands were bound and she was left tied up. There was no specific testimony as to which of the three men tied up either Kilbourn or Waddell, only that they were tied up by the perpetrators and Waddell was led into the bathroom by two of the men and left in the tub. However, this is sufficient evidence to establish the restraint necessary beyond either the burglary, robbery or sexual offense. Furthermore, based on the evidence presented the jury could have reasonably concluded defendant was involved in tying up both Kilbourn and Waddell. Therefore, sufficient evidence exists to support the two counts of second degree kidnapping. This assignment of error is overruled.

*III*

[3] Defendant also argues the evidence was insufficient to permit a reasonable juror to find beyond a reasonable doubt that defendant committed separate conspiracies. Defendant was charged with conspiring with others to commit the felonies of first degree burglary and robbery with a dangerous weapon against Waddell and Kilbourn. Defendant was also charged with conspiring with others to commit the felonies of first degree burglary and robbery with a dangerous weapon against Jesus and Erika Vega-Mendoza. Defendant asserts the State proved only the existence of a single conspiracy encompassing both incidents.

Conspiracy is "an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way or by unlawful means." *State v. Arnold,* 329 N.C. 128, 142, 404 S.E.2d 822, 830 (1991). A single conspiracy may consist of a criminal confederation involving the commission of a series of different criminal offenses

and may even involve variation in the members of the conspiracy over a period of time. *State v. Fink*, 92 N.C. App. 523, 532, 375 S.E.2d 303, 308-09 (1989). Convicting and punishing a defendant for multiple counts of conspiracy when the evidence shows a conspiracy with some of the same people over a short period of time to commit a series of related crimes violates the defendant's state and federal constitutional right to be free from double jeopardy. *State v. Medlin*, 86 N.C. App. 114, 121, 357 S.E.2d 174, 178 (1987). However,

> [t]he question of whether multiple agreements constitute a single conspiracy or multiple conspiracies is a question of fact for the jury. The nature of the agreement or agreements, the objectives of the conspiracies, the time interval between them, the number of participants, and the number of meetings are all factors that may be considered.

*State v. Tirado*, 358 N.C. 551, 577, 599 S.E.2d 515, 533 (2004) (internal citations omitted).

Here, the State presented evidence showing the first conspiracy was formed on the evening of 15 December 2002 when defendant agreed with Rafael Purdie and Darrell Meyers to rob someone. There was no evidence that the agreement formed on 15 December 2002 consisted of more than that of robbing someone on that night. The mere fact that the defendant was involved in a similar crime the next night does not indicate the two crimes were committed as part of the agreement made on 15 December 2002. Viewing the evidence in the light most favorable to the State, evidence was presented allowing the jury to find that defendant was involved in two separate conspiracies. This assignment of error is overruled.

Vacated and remanded in part, no error in part.

Judges HUDSON and CALABRIA concur.